Andrew Jackson Thomas, Plaintiff-Appellant, v. J. L. Hollowell, Defendant-Appellee.

Term No. 58–O–21.

Fourth District.

January 31, 1959.

Released for publication February 18, 1959.

C. Woodrow Frailey, of Cave-in-Rock, James G. Gullett, of Elizabethtown, and R. W. Harris, of Marion (David A. Warford, of counsel) for plaintiff-appellant.

Twente & Jelliffe, of Harrisburg, for defendant-appellee.

JUDGE SCHEINEMAN delivered the opinion of the court.

This suit is a claim for personal injuries received in a vehicular collision. The answer set forth a complete release given by the plaintiff for the consideration of $350. The plaintiff replied that the release was void, by reason of a mistake on his part, due to lack of knowledge of certain facts. A motion for judgment on the pleadings was sustained by the trial court and a judgment was entered for defendant, from which this appeal is taken.

The facts set up in the reply do not indicate any mutual mistake, nor that the release was obtained by misrepresentation, overreaching, or other fraud. Plaintiff relies entirely on a state of facts which, at best, could only be a unilateral mistake. The precedents cited from this state are: Clancy v. Pacenti, 15 Ill.App.2d 171; Fraser v. Glass, 311 Ill. App. 336; Munnis v. Northern Hotel Co., 237 Ill. App. 50.

In these cited cases there was present the admitted fact that a physician representing defendant had examined plaintiff and advised him his injuries were not serious. This is regularly held to be a mutual mistake, when the injuries later turn out to be much more serious, even though the advice was given in good faith. 45 Am. Jur. Release, Sec. 20. It is true the Illinois cases contain dicta that in some cases a release may be set aside because of a unilateral mistake, but no explanation is given of the type of case in which such a principle would be applied. It is a rule which has been stated by some writers, but it is not in accordance with the weight of authority. "The great weight of authority supports the doctrine that a release of a claim for personal injuries cannot be avoided merely because the injuries have proved more serious than the releasor, at the time of executing the release, believed them to be, or because the releasor made a bad bargain on account of a wrong estimate of the dam-

ages which would accrue." 45 Am. Jur. Release, Sec. 19.

In the Clancy case, supra, the plaintiff had been examined by his own physician, and also by one representing the defendant, both advised the injuries were in the nature of bruises, neither serious nor permanent. It was later discovered that there were severe injuries to the spine, requiring more than one surgical operation, and with permanent detriment. This is the type of case commonly regarded as a mutual mistake, although the opinion does cite a text writer on the question of unilateral mistake. The opinion also states: "It is important to preserve a field of free action within which parties may compromise their differences with substantial assurance that the matter will not arise again."

The release in the present case applied to injuries known and unknown, those existing and those which might thereafter develop as a result of the accident. To avoid this complete release, plaintiff alleged that he had previously suffered from ulcers, which he knew, but he did not know or have reason to believe that his condition had been aggravated by trauma in the collision, that he learned this after executing the release and receiving the consideration. He further states that, at the date of the release, neither he nor the defendant knew or had reason to believe his disease had been so aggravated, and that he had not received any report from his own physician on the subject.

In Gumberts v. Greenberg (Ind. 1953) 115 N.E.2d 504, it was held that a release which included unknown injuries was effective, in the absence of mutual mistake, fraud or overreaching, and the fact that neither party knew of the true extent of the injuries when the release was given, was immaterial, in view of the expressed intent to release any claim therefor.

In McIsaac v. McMurray, 77 N. H. 466, 93 A. 115, it was held the fact the parties were justifiably ignorant of the extent of the injuries when the release was given, standing alone, does not show the mistake was in respect to a material matter. Other cases hold that, if the release is given with conscious ignorance of the actual condition, it should not be classed as a "mistake" in the legal sense. 76 C. J. S. Release, Sec. 25.

██ It has always been the policy of the law to favor compromise and settlement, and it is especially important to sustain that principle in this age of voluminous litigation, particularly in traffic cases. It must be remembered that the question of liability, besides the extent of the injuries, may well be in the minds of the parties. If a release, completely effective in the form in which it is executed, is to be lightly disregarded, then the peaceful settlement of claims out of court becomes practically impossible. How may prospective litigants negotiate a settlement if the law will not give effect to their signed adjustment, with consideration paid? This is a problem which would confront lawyers every day in this state.

 It is our conclusion that the attempt to avoid the release on the facts in this case, must be discouraged as a matter of necessary public policy. Accordingly, this court holds that the mere lack of knowledge of some condition on the part of releasor, is not sufficient to avoid the bar of a release which expressly applies to unknown conditions, in the absence of mutual mistake, fraud or overreaching. The trial court ruled correctly and the judgment is affirmed.

Judgment affirmed.

BARDENS, P. J. and CULBERTSON, J., concur.