Herbert F. Wascher, an Incompetent, by Walter Reinhold, His Next Friend, Plaintiff-Appellant, v. Randolph Lundeen and Champaign-Urbana City Lines, Inc., a Corporation, Defendants-Appellees.

Gen. No. 10,356.

Third District.

October 18, 1961.

Appleman, Zimmerly & McKnelly, of Champaign (Phillip C. Zimmerly, of Champaign, of counsel), for appellant.

Barth, Phillips, Phebus & Tummelson, of Urbana (Hurshal C. Tummelson, of Urbana, of counsel), for defendant-appellee Lundeen.

Dobbins, Hayes & Moore, and Wheat, Hatch & Corazza, of Champaign (Harold A. Baker, of Champaign, of counsel), for defendant-appellee Champaign-Urbana City Lines, Inc.

REYNOLDS, J.
Herbert F. Wascher, was adjudged incompetent in 1932, and since 1944 the National Bank of Monticello, Illinois, has been the conservator of his estate. On February 10, 1955, he sustained injuries when struck by an automobile driven by Randolph Lundeen, one of the defendants. Suit was brought in the Circuit Court of Champaign County by the conservator bank against Lundeen and the Champaign-Urbana City Lines, Inc. for damages, charging both defendants with negligence. The cause was settled by compromise, and the bank filed a petition in the County Court of Cham-

paign County, for authority to compromise and settle the claim of the incompetent for $2,750, on the basis of $2,000 from Randolph Lundeen and $750 from the bus company. The County Court by its order granted the petition and authorized a settlement for $2,750 and the conservator bank thereupon executed a conservator's release to the defendants, and the suit in Circuit Court was dismissed on September 13, 1957.

After the settlement for $2,750 had been authorized by the County Court, Jesse Gibson, as next friend of Wascher, filed a petition in County Court for authority and directions to appoint a conservator ad litem to reopen the Circuit Court case or to set aside the releases given therein, and for authority to tender back the money paid. This petition was granted by the County Court, in the following language: ". . . And on this day said petition of the incompetent by Jesse Gibson, his next friend being heard on proof submitted, upon consideration thereof, said petition is by the Court allowed and said Conservator authorized to tender sum in settlement against Randolph Lundeen, Champaign City Lines, Inc. and to incur expenses necessary in seeking recovery sought as set forth in said petition."

Subsequently, in 1959, Jesse Gibson, as next friend of the incompetent Herbert F. Wascher, filed suit in the Circuit Court of Champaign County, against Lundeen and the bus company, charging each with negligence. The defendants filed their motion to strike and dismiss the complaint, on the grounds that the next friend had no legal right to bring suit, and that the suit was barred by the order entered in the previous suit. The court allowed the motion and dismissed the suit as to each defendant. Later, Gibson died and Walter Reinhold was substituted as next friend. Plaintiff asked leave to amend the complaint and to tender return of the money, which was denied by the court. Plaintiff appeals to this court.

241

The plaintiff's theory is that the conservator did not fully disclose the extent and permanency of the ward's injuries to the County Court when it applied for authority to settle claims and to execute releases to the defendants; that there should have been a guardian ad litem appointed for the hearing on the petition to execute the releases; that the order of the County Court authorizing the conservator to tender back the money paid by the defendants and to proceed further against them was not carried out by the conservator bank, so that the releases were voided as a matter of law.

 The first point, that the conservator did not fully disclose the extent and permanency of the ward's injuries to the County Court is not borne out by any facts that would sustain this contention. The order of the County Court authorizing the conservator to settle the claims against the defendants and to execute releases, recited that Robert C. Summers and Busch & Harrington, duly licensed attorneys had been employed to investigate the circumstances of the injury and to represent the conservator in the suit against the defendants in the Circuit Court; that the attorneys had received offers of $2,750 and that the said attorneys had recommended to the conservator that the said causes of action be settled and releases be given. That a full investigation of the case had been made is further supported by the affidavit of John C. Hayes, attorney-at-law.

The appointment of a guardian ad litem is urged as mandatory. The two cases cited by the plaintiff each relate to a minor and there is nothing in either of those two cases to show that it is mandatory that a guardian ad litem be appointed where the ward has a duly qualified and acting conservator. Nor, do the cases cited by defendant Lundeen reach this point. The Statute provides that the conservator of the estate of an incompetent shall appear for and repre-

sent the ward in all legal proceedings, unless another person is appointed for that purpose as conservator or next friend. But this does not impair the power of any court to appoint a conservator or next friend to defend the interests of the ward in that court, or to appoint or allow any person as the next friend of a ward to commence, prosecute or defend any suit in his behalf. Ill Rev Stats c 3, § 124. This language is plain and unequivocal. The conservator of an incompetent shall represent the ward in all legal proceedings, unless in the discretion of the court, it is deemed advisable to appoint another person as conservator or next friend to represent the ward. After the court appoints the conservator, the conservator acts for the ward, unless there is a conflict of interest, or some other good and sufficient reason to appoint some other person to represent the ward. Pyott v. Pyott, 191 Ill 280, 61 NE 288; Isle v. Cranby, 199 Ill 39, 64 NE 1065. Here, the county court had full authority to appoint Jesse Gibson or any other person as conservator or next friend to represent the plaintiff, but it did not do so. There was no showing of an adverse interest on the part of the conservator, but only the allegation that a full disclosure of the extent of the injuries of the plaintiff was not made to the court. Yet, upon a petition to the county court setting out these injuries, by Jesse Gibson as next friend, court granted an order, permissive in character only, authorizing the conservator to tender back the money received and to prosecute further the original claims. This, the conservator bank did not do. Lacking appointment as provided for by the Statute, and failure to show any good and sufficient reason for the appointment of another conservator or next friend, it would seem that the next friend is without authority to institute or pursue this suit. The contention of the necessity of a guardian ad litem would have some force, if there were no conservator or person author-

243

ized to act for the incompetent, since the duty of the court is to guard the interests of the incompetent at all times. A guardian ad litem is one appointed for the purpose of representing an infant or incompetent to prosecute or defend. We find no authority for the appointment of a guardian ad litem in this cause. Had the county court appointed another person as conservator for this particular cause, or as next friend, that is provided for by the Statute. There was no necessity for a guardian ad litem appointment. Since there was no appointment of any kind, the conservator was the proper one to act for the ward. It may well be, that upon a proper showing the county court might have appointed the self-appointed next friend, to act for the plaintiff, but since this was not done, the first next friend, or the substitute, had no authority to act.

That the conservator, upon approval of the court had the power to compromise the claim of the plaintiff is without question. Ill Rev Stats c 3, § 215 provides that by leave of court without notice or upon such notice as the court directs, a conservator may compound or compromise any claim or any interest of the ward. There is no contention here that the county court did not have jurisdiction of the estate of the incompetent. It had had jurisdiction since 1932. There is no error evident on the face of the record. There is no fraud shown. The brief for the plaintiff says the defendants were charged with notice of the infirmities of the conservator's release. But there are no infirmities shown. Here there was a release, executed for the amount as ordered by the county court. The mere fact that upon a later date, the court authorized the conservator to tender back and take further proceedings, does not, of itself, in the absence of further action by the same court, invalidate the original order of the court, which authorized the releases. In

244

the light of the case of Voegel v. Central Nat. Bank of Mattoon, 27 Ill App2d 400, 169 NE2d 675, it is doubtful if the county court of Champaign County, having authorized the settlement and the giving of the releases, could by a subsequent order revoke such releases. But, assuming that the County Court did have the power to correct its mistake, if mistake there was, it would take more than a permissive order to correct the mistake. Where a release was given by order of court, it may only be held void, where the release is obtained by misrepresentation, over-reaching, or other fraud. A unilateral mistake is not sufficient. Thomas v. Hollowell, 20 Ill App2d 288, 155 NE2d 827; Clancy v. Pacenti, 15 Ill App2d 171, 145 NE2d 802; Fraser v. Glass, 311 Ill App 336, 35 NE2d 953. As said in the Thomas v. Hollowell case, quoting American Jurisprudence on Release, Section 19: "The great weight of authority supports the doctrine that a release of a claim for personal injuries cannot be avoided merely because the injuries have proved more serious than the releasor, at the time of executing the release, believed them to be, or because the releasor made a bad bargain on account of a wrong estimate of the damages which would accrue." It is true that our courts have been inclined to set aside releases which subsequently prove to be grossly unfair or unjust. Ruggles v. Selby, 25 Ill App2d 1, 165 NE2d 733; Clancy v. Pacenti, 15 Ill App2d 171, 145 NE2d 802. Here there is no showing of a settlement that was grossly unfair or unjust. It is true the ward by his next friend, claims more serious injuries than the settlement called for. But the record shows that two competent attorneys acting for the conservator bank, determined that the amount received, on the basis of the facts and the injuries, was reasonable and recommended the settlement be made and the county court on the basis of these matters, authorized the

245

settlement and the giving of the releases. In the case of Clancy v. Pacenti, 15 Ill App2d 171, 145 NE2d 802, the court while recognizing the trend of the courts to set aside releases where made under a mistake, said: "Yet it is important to preserve a field of free action within which parties may compromise their differences with substantial assurance that the matter will not arise again."

A decision in this case is difficult. On the one hand, nothing should be left undone to protect the rights of an incompetent. On the other hand, releases executed in good faith and without fraud should be given full faith and credit and upheld. Had there been any mistake, error or omission on the part of the conservator, we would be inclined to hold that the releases should be held invalid. But in this case, the conservator was represented by competent counsel. There probably were facts related to the case which involved the question as to whether there was any liability at all on the part of the defendants. The facts were investigated thoroughly, and the conservator was offered a sum which, in the opinion of these attorneys, was fair and reasonable. They recommended to the county court that the settlement be made and releases be given. An order was entered in accordance to their recommendations. The case in Circuit Court of Champaign County involving the same parties, the same subject matters and the same facts, was dismissed.

We find no fraud, mistake, omission or that the settlement was grossly unfair or unjust. The mere pleading that the settlement was unfair or inadequate does not make it true. The judgment dismissing the complaint is affirmed.

Affirmed.

ROETH, P. J. and CARROLL, J., concur.