**Dean Hudson, Plaintiff-Appellant, v. Ann Thies, Defendant-Appellee.**

**Gen. No. 10,389.**

Third District.

May 16, 1962.

Rehearing denied June 15, 1962.

Garman, Greanias & Owen, of Decatur, for appellant.

J. E. Horsley, W. E. Larrabee of Craig & Craig, of Mattoon, and Paul Taylor, of Effingham, for appellee.

REYNOLDS, J.

This is a personal injury suit growing out of injuries sustained by the plaintiff when struck by an automobile driven by the defendant in the Village of Cowden, Shelby County, Illinois, on September 2, 1944. The plaintiff was then seven years of age, having been born April 19, 1937. Plaintiff reached his majority April 19, 1958, and on November 20, 1958, some seven months later, brought suit against the defendant, claiming defendant negligently operated her automobile when he was injured in 1944. Defendant filed her answer admitting the plaintiff was struck by an automobile driven by her, denying negligence and claim-

191

ing contributory negligence on the part of the plaintiff. The defendant also filed her special defense reciting the appointment of Kermit Hudson as guardian of the plaintiff; the filing of petition to compromise and settle the claim of the minor; the order of the County Court authorizing such compromise and settlement for the sum of $1262.75; the payment of said sum and the execution of a release by the guardian of all claims. To this special defense, the plaintiff filed his reply claiming that there was a purported order authorizing the guardian to compromise and settle the claim, but such order was void as to the plaintiff because the settlement was in fact a settlement between Kermit Hudson, father of the plaintiff for medical expenses arising out of his son's injuries, and the insurance company of the defendant; that no payment was made and none ever offered to settle any claims the plaintiff might have had for his own disability, and that it was not the intention of any of the parties involved in the County Court proceeding to establish an estate for Dean Hudson, a minor. The reply further alleges that the County Court of Shelby County was not advised of the serious and extensive injuries sustained by the plaintiff; that the sum paid was so grossly inadequate as to be without valid consideration and to constitute a fraud on the minor's rights, and that Kermit Hudson was not represented by counsel in the county court proceedings. The defendant filed her sur-reply denying the affirmative matters contained in the plaintiff's reply.

The matter was tried before a jury on the issue presented by the defendant's affirmative defense and plaintiff's reply. The jury returned a verdict in favor of the plaintiff and against the defendant. The post-trial motion of the defendant for a judgment notwithstanding the verdict was granted and the jury's verdict was set aside and judgment entered for the

defendant notwithstanding the verdict. The motion for a new trial was denied. From this judgment the plaintiff appeals.

The sole question raised by this appeal is the sufficiency and legality of the release given by Kermit Hudson, guardian of Dean Hudson, then a minor, in full settlement of all claims against the defendant growing out of the injuries sustained by Dean Hudson when struck by an automobile driven by the defendant on September 2, 1944. The plaintiff seeks to have this release held invalid.

In considering this cause, there is little dispute as to the evidence. The plaintiff, then a seven-year-old child was struck by an automobile driven by the defendant Ann Thies. There was evidence from three or four witnesses to the effect that the defendant was driving slowly. Ann Thies testified that the child ran from behind a truck into the path of, or into her car. There were others in the Thies car but they did not see the plaintiff but heard the thud when he was hit. All agreed that Mrs. Thies stopped quickly. The evidence showed that the plaintiff suffered a skull fracture, multiple fractures in one leg, fracture in the other, and an injury to the right foot which was discovered some time later. He was placed in a cast from the waist down, all the way to the foot on the right leg and to the knee on the left leg with a board between the two knees. He did not attend school the year 1944–1945. When examined by Dr. Arthur Sweet, physician and surgeon of Decatur, Illinois on December 1, 1959, Dr. Sweet found he had 75% disability of the right leg. His right leg was deformed so that he wore a shoe built up to compensate for the deformity.

The evidence is undisputed that neither the guardian, Kermit Hudson, or the minor Dean Hudson, was represented by counsel at the hearing before the

193

County Judge, and that the petition for guardianship, the bond, and the petition to settle were prepared by Mr. John J. Baker, attorney for Hawkeye Security Insurance Company, the insurance carrier of the defendant. It is further not disputed that this attorney's fee and the court costs were paid by the insurance company. The amount paid for the release is not disputed, or the fact that almost all of the amount of money paid was to repay the father Kermit Hudson for out-of-pocket expenses in connection with hospital and medical treatment of the minor, occasioned by his injuries. The hearing before the County Judge is not in dispute although the witnesses were somewhat vague as to certain points. It appears that the injured minor was not in court and the county judge did not see him at any time. The county judge testified, but he did not remember the extent of the testimony before him, especially as to the injuries sustained by the minor, but his recollection was, that the questions and answers followed the substance of the petition. There is testimony in the record from several experienced lawyers practicing in the vicinity of Shelby County, Illinois as to the practice common in matters of this kind in 1946, and the practice followed in this case as to compromise and settlement of the claim of the plaintiff seems to have been the practice followed in similar cases at that time in comparable counties in the area. It further appears that the guardian Kermit Hudson was examined in open court as to the matters in the petition before the county judge entered an order authorizing the release.

Plaintiff in his appeal says that this is a case of first impression and that there is no case in Illinois that has passed on the question of the validity of a probated settlement such as this, except the case of Shine v. Wabash R. Co., 8 Ill App2d 521, 132 NE2d 41, which held that a settlement was void because

194

approved in a court which did not have jurisdiction of the minor. The plaintiff urges the court to set up minimum standards for the settlement of claims of minors for personal injuries that will stand as guide lines for the future. And the plaintiff contends that in this case, although no one has been charged with fraud, either actual or intentional, that the circumstances surrounding the settlement were such as amounted to fraud on the minor's rights.

█ Plaintiff contends the trial court committed reversible error in setting aside the verdict of the jury, contending there can be fraud inferred or presumed. This theory is based upon the contention that there was a question of fact involved. The case of Indiana, D. & W. R. Co. v. Fowler, 201 Ill 152, 66 NE 394 cited by plaintiff was a case where Fowler, an illiterate, was induced to sign a purported release of all claims for damages for personal injuries sustained by Fowler in a wreck. The court in that case held that the question whether the release was executed by Fowler with full knowledge of its purport and under circumstances that would bind him, was one of fact and a question for the jury. In Chicago West Division R. Co. v. Mills, 91 Ill 39, at page 43, cited by plaintiff, the question was one of the mental competency to execute a release and the court there held there was a conflict as to fact and the matter should have been submitted to a jury. The plaintiff also cites the case of Bowman v. Illinois Cent. R. Co., 11 Ill2d 186, 142 NE2d 104, a FELA case, where the court in discussing the validity of a release given to the railroad company, held that in passing on the validity of such release, when assailed, all surrounding conditions should be fully developed and the relative attitudes of the contracting parties clearly shown, so that the jury in the clear light of the whole truth may rightly decide which story bears the im-

press of verity. In these three cases there is a clear question in each as to the mental capacity or understanding of the party executing the release and this question was presented on the trial and became an issue of fact which would require the verdict of a jury. In this case, however, no question of fact is presented that required a jury. There is no evidence in this case that raises the question of competency on the part of the guardian; there is no evidence of a misunderstanding by anyone; there is no evidence of any fraud, actual or constructive. It may be conceded, that in view of the ultimate physical condition of the plaintiff, with 75% physical impairment of the right leg of the plaintiff, that the settlement was inadequate, but the evidence on the part of both parties fails to disclose any misunderstanding, inability or incompetency on the part of the parties concerned, to enter into and effect a release. We see no merit in this contention of the plaintiff.

Without contending there was actual fraud in the negotiation and consummation of the settlement between Kermit Hudson as guardian and the defendant, the plaintiff cites some authorities as to constructive fraud. There can be no quarrel with the law as laid down in those cases, but they are not applicable to the cause here.

██ Next, the plaintiff contends that the settlement of a minor's cause of action is voidable by the minor when it appears the minor's rights were not fairly protected by the court at the time the settlement was approved. In this position the plaintiff urges that there should have been a guardian ad litem appointed to represent the minor; that neither the minor nor his parents are represented in a proceeding where the only appearance in the cause is by counsel for the insurance company of the tortfeasor-releasee; that a probate court hearing a matter involving inju-

196

ries and claims of a minor should make inquiry into the nature, extent and seriousness of the minor's injuries and should have the minor in court; and that the settlement of a minor's personal injury claims for only the amount of the father's medical and personal expenses when the injuries involved are serious, is so grossly inadequate as to constitute a constructive fraud on the minor's rights; that the circumstances surrounding the settlement of a person under legal disability in a court proceeding should be such that the court can fairly conclude that such person's rights and financial interests have been protected and that the court, acting as the jealous protector of the rights of infants, should so conduct the proceedings so as to protect the rights of such infants.

As to the necessity of an appointment of guardian ad litem to represent the minor. The plaintiff cites the case of Collins v. Hastings, 283 Ill App 304, where there was no guardian, or guardian ad litem appearing for the minor, and the court held that failure to appoint a guardian ad litem was a matter that could not be waived and such error as to invalidate any judgment rendered against him. In the case of Skaggs v. Industrial Commission, 371 Ill 535, 21 NE2d 731, the minor children were not represented where the award to the widow and the children growing out of the death of the wage earner was involved. The court held that a minor cannot bring a legal proceeding, but must appear by a guardian, a guardian ad litem or a next friend. Citing Waechter v. Industrial Commission, 367 Ill 256, 11 NE2d 378, Walgreen Co. v. Industrial Commission, 323 Ill 194, 153 NE 831. In the Waechter case, at page 258, the court there said: "It is well settled that a minor cannot commence or engage in a legal proceeding in his own name. (Walgreen Co. v. Industrial Commission, 323 Ill 194, 153 NE 831.) He cannot appear by an at-

197

torney but must appear, if at all, by a representative, such as general guardian, guardian ad litem or next friend." In the case of Blincoe v. Miller, 14 Ill App 2d 400, 144 NE2d 809, the defendant Miller was a minor and his appearance was by his attorney. The court held the appointment of a guardian, guardian ad litem, or next friend was necessary.

It will be noted in all these cases, the court names three methods of representation of a minor in a legal proceeding; by guardian, guardian ad litem or next friend. The courts in those cases do not say that where a guardian was appointed as in this case, that the appointment of a guardian ad litem is necessary. In the case of Wascher v. Lundeen, 32 Ill App2d 239, 177 NE2d 440, this court held in a conservator case, that the conservator of an incompetent shall represent the ward in all legal proceedings, unless in the discretion of the court, it is deemed advisable to appoint another person as conservator or next friend to represent the ward, holding that "After the court appoints the conservator, the conservator acts for the ward, unless there is a conflict of interest, or some other good and sufficient reason to appoint some other person to represent the ward, Pyott v. Pyott, 191 Ill 280, 61 NE 88; Isle v. Cranby, 199 Ill 39, 64 NE 1065." And continuing in the Wascher v. Lundeen case, it was held "The contention of the necessity of a guardian ad litem would have some force, if there were no conservator or person authorized to act for the incompetent, since the duty of the court is to guard the interests of the incompetent at all times." While the matter involved there was a conservatorship, the principle involved would apply to a guardianship. In the Blincoe v. Miller case the court at page 405, stated that the error was that the minors were not represented "either by guardian, guardian ad litem, or next friend." In Morgan v. Hamlet, 345 Ill App 107,

102 NE2d 365, it was held that the rule in this State is, that when it appears from the record that the minor was in fact represented by guardian, guardian ad litem or next friend, the absence of on order appointing the guardian ad litem will not require reversal.

The statutory law of Illinois in 1946, as to representation of a minor by his guardian, was:—"The guardian of the estate of a minor shall appear for and represent his ward in all legal proceedings unless another person is appointed for that purpose as guardian or next friend." Chapter 2, Section 293, Illinois Revised Statutes 1945. In this case, Kermit Hudson was the duly appointed, qualified and acting guardian of Dean Hudson, a minor. There was no necessity for the appointment of a guardian ad litem, since no reason appeared that would prevent the guardian from acting in all legal proceedings in behalf of the ward.

The plaintiff contends that neither the minor nor his parents are represented in a proceeding when the only appearance in the cause is by counsel for the insurance company for the. tortfeasor-releasee. In support of this position plaintiff cites the case of Atchison, T. & S. F. R. Co. v. Elder, 149 Ill 173, 36 NE 565, decided in 1894. In that case, the attorney appearing for the plaintiff, an infant, was the counsel for the defendant, and the court held this to be reversible error. That was not the situation here. It is true that the attorney for the insurance company prepared the petition for appointment, the bond, and the petition to compromise and settle the claim, but there is no evidence that this was other than a courtesy and an accommodation for the guardian. There is no evidence that the attorney John J. Baker appeared for the guardian or the minor. It is true that the county judge noted the name of John J. Baker as attorney on his docket but he explained that this was

for his convenience only. The testimony of a number of attorneys as to the practice in this regard in 1946, is to the. effect that this was the usual and ordinary method of procedure. It would seem that the acting of the attorney for the insurance company in such cases was for convenience and to expedite procedure, rather than to represent the claimant.

■ ■ The next point urged that the court should make inquiries into the nature, extent and seriousness of the minor's injuries and should have the minor in court to assist in this states a good rule for probate courts to follow, but there is no statutory or case law to support this position. The court should make inquiry into the matter, but each case would present facts so that the matter is and should be left to the sound discretion of the court as to the method used. Unless the court abuses this right of discretion, his method should not be subject to criticism. As to the presence of the minor in court, there is nothing in the law that requires his presence.

■ ■ The other points urged by the plaintiff all are to the effect that the court in a settlement of a minor's personal injury claims should so conduct the proceedings so that the minor's rights are fully protected. No one could quarrel or object to these statements, but in this case, a fair and careful inspection of the testimony fails to disclose any violation of them.

In considering the settlement in this case, made by Kermit Hudson in 1946, an examination of the petition for settlement discloses that the claim of the minor was regarded as controverted and of doubtful merit. That was probably the overriding reason for the father taking the settlement of $1262.75 in full of all claims. In the settlement of such claims three things must be given full consideration. 1. Was the defendant negligent? 2. Did the plaintiff in any way contribute to his injuries? 3. The extent of his injuries.

For some reason, the father Kermit Hudson did not appear in the trial of this cause. He, more than anyone else, could throw light upon what actually happened. In the absence of positive proof to the contrary, it should be presumed that in the case of his own son, he acted for the best interests of the minor. He was not only the minor's natural guardian, but he was appointed by the County Court as the legal guardian of his son's estate. Regardless of who prepared the petition to compromise and settle the claim for injuries, he signed it and swore to it under oath. There is no evidence of undue influence or misrepresentation. There is no evidence of fraud, and the plaintiff in his brief says that he charges no one with actual or intentional fraud, but that the circumstances surrounding the settlement were such as amounted to fraud on the minor's rights.

In this case, the defendant having established the prima facie burden of proving a release and settlement, legal and binding on its face, the burden shifts to the plaintiff to prove it invalid. Inter Ins. Exchange of Chicago Motor Club v. Andersen, 331 Ill App 250, 256, 73 NE2d 12.

The law laid down in the case of Thomas v. Hollowell, 20 Ill App2d 288, 155 NE2d 827, seems very applicable to this case. In that case there was a claim for personal injuries received in a vehicular collision. There was a release, and the plaintiff claimed the release was void, by reason of a mistake on his part, due to lack of knowledge of certain facts. The mistake was as to the seriousness of his injuries. In that case, as in this case, the reply to the claim of release, did not indicate any mutual mistake, nor that the release was obtained by misrepresentation, overreaching, or other fraud. And the court in that case held: " 'The great weight of authority supports the doctrine that a release of a claim for personal injuries cannot be

201

avoided merely because the injuries have proved more serious than the releasor, at the time of executing the release, believed them to be, or because the releasor made a bad bargain on account of a wrong estimate of the damages which would accrue.' " And the court continuing in that case said:

"It has always been the policy of the law to favor compromise and settlement, and it is especially important to sustain that principle in this age of voluminous litigation, particularly in traffic cases. *It must be remembered that the question of liability, besides the extent of the injuries, may well be in the minds of the parties.* If a release, completely effective in the form in which it is executed, is to be lightly disregarded, then the peaceful settlement of claims out of court becomes practically impossible. How may prospective litigants negotiate a settlement if the law will not give effect to their signed adjustment, with consideration paid? This is a problem which would confront lawyers every day in this state.

"It is our conclusion that the attempt to avoid the release on the facts in this case, must be discouraged as a matter of necessary public policy. Accordingly, this court holds that the mere lack of knowledge of some condition on the part of the releasor, is not sufficient to avoid the bar of a release which expressly applies to unknown conditions, in the absence of mutual mistake, fraud or overreaching." (The emphasis is ours.)

Applying the reasoning of the Thomas v. Hollowell case to the facts in this case, the judgment of the Circuit Court of Shelby County must be affirmed.

Affirmed.

ROETH, P. J. and CARROLL, J., concur.