(No. 37366.—

DEAN HUDSON, Appellant, *vs.* ANN THIES, Appellee.

*Opinion filed March 27, 1963.—Rehearing denied May 29, 1963.*

GARMAN, GREANIAS & OWEN, of Decatur, for appellant.

J. E. HORSLEY and W. E. LARRABEE, of CRAIG & CRAIG, of Mattoon, and PAUL TAYLOR, of Effingham, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case is here on a certificate of importance from the Appellate Court, Third District. It involves the validity of a release executed in 1946 by Kermit Hudson, as guardian of his son, Dean Hudson, who is the present plaintiff. Both the trial court and the Appellate Court sustained the validity of the release.

On September 2, 1944, Dean Hudson, who was then seven years old, was severely injured when he ran from behind a truck into the path of an automobile driven by the defendant, Ann Thies. The defendant was insured by the Hawkeye Casualty Company. Negotiations between the insurance company and Kermit Hudson, the father of the plaintiff, continued for many months. On March 14, 1946, an agreement was reached between Kermit Hudson and John J. Baker, an attorney representing the insurance company, to settle the claim for $1,262.75.

Baker prepared several documents in connection with the settlement, including a petition for an order appointing Kermit Hudson guardian of his son, and a petition for an order authorizing settlement of the claim. Both Baker and Kermit Hudson then appeared before the county court of Shelby County, where Hudson was sworn and testified in support of the petitions. The court appointed Kermit Hudson guardian of his son's estate and authorized him to settle the claim and "to completely release and discharge" defendant "from any other or further liability thereon." The guardian signed the release, which was approved by the court. The court costs and Baker's fee were paid by the insurance company.

Dean Hudson attained his majority in April of 1958, and in November of 1958 he brought this action to recover damages for the injuries he sustained in the 1944 accident, which, he alleged, was caused by the defendant's negligent operation of her automobile. The issue as to the validity of the release, which was framed by the pleadings, was severed for trial, and was submitted to a jury, which

found for the plaintiff. The defendant's motion for judgment notwithstanding the verdict was allowed, and judgment was entered for the defendant. The Appellate Court affirmed. 35 Ill. App. 2d 189.

There is no dispute as to the facts. Plaintiff does not question the jurisdiction of the county court to appoint the guardian or to approve the settlement. He makes no charge of misrepresentation or fraud in connection with the release. He does, however, criticize the amount of the settlement, and he points out that no guardian *ad litem* was appointed, that the guardian was not represented by counsel and that the minor was not brought into court when the settlement was approved. Aggregating all of these grounds, he characterizes the settlement as constructively fraudulent.

The amount of the hospital and medical bills was $1,063.25, and the amount of the settlement was $1,262.75. If the amount of the settlement is considered solely in terms of the injuries suffered by the plaintiff, without regard to the liability of the defendant, it is easy to conclude that the amount was inadequate. But there is no reason to disregard the fact that the claim was controverted and that liability was doubtful, and that Kermit Hudson so testified before the judge of the county court who approved the settlement. Kermit Hudson did not testify in the present case. In our opinion, the record does not warrant the suggestion that the settlement was made because the father had a direct financial interest in the settlement which was adverse to that of his son.

The plaintiff does not refer us to any statute or decision that required the appointment of a guardian *ad litem* in addition to the guardian. When this settlement was approved, the statute provided, as it does today, "The guardian of the estate of a minor shall appear for and represent his ward in all legal proceedings unless another person is appointed for that purpose as guardian or next friend." (Ill. Rev. Stat. 1961, chap. 3, par. 141; 1945,

chap. 3, par. 293.) Nor are we referred to any statute, rule or decision that, as of the date of this settlement, laid down any requirement that a minor be present in court when a settlement of a personal injury claim was approved. On the contrary, there was testimony that the procedure followed in this case was the regular practice in 1946 in Shelby County and in many other counties.

The question is not whether that procedure is ideal, or is to be held out as a model. Obviously it is not. The Uniform Basic Rules of Probate Procedure, adopted in many counties in 1961, would require, in the circumstances of this case, either the employment of an independent attorney by the guardian, or the appointment of an attorney to serve as guardian *ad litem.* And unless the minor appears in court, a certificate of the attending physician or surgeon as to the nature and extent of the injury would be required. (Ill. Rev. Stat. 1961, chap. 3, par. 401.15.) The plaintiff suggests that unless the settlement in this case is set aside, the validity of these rules will be impaired. This suggestion appears to rest upon the assumption that procedural rules can impose no more than minimal requirements, an assumption which is clearly unsound.

In our opinion the trial court and the Appellate Court correctly held that the facts established in this record did not, as a matter of law, warrant a holding that the release was invalid. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*