Herbert F. Wascher, Plaintiff-Appellant, v. Randolph Lundeen, Champaign-Urbana City Lines, Inc., a Corporation, and National Bank of Monticello, a Banking Corporation, Defendants-Appellees.

Gen. No. 11,033.

Fourth District.

August 14, 1969.

Unger and Stewart, of Danville, for appellant.

Phillips, Phebus, Tummelson & Barth, of Urbana (Hurshal C. Tummelson and Francis J. Jahn, of counsel), Summers, Watson & Kimpel, of Champaign (Robert C.

Summers, of counsel), Hayes & Moore, Wheat, Hatch, Corazza & Baker, of Champaign (Harold A. Baker and Timothy O. Madigan, of counsel), for appellees.

TRAPP, P. J.

This is an appeal from a judgment of the circuit court dismissing a suit by plaintiff against defendants pursuant to motions of the defendants under section 48 of the Illinois Civil Practice Act asserting prior judgments and releases and the insufficiency of the complaint to state a cause of action. C 110, § 48, Ill Rev Stats 1967.

Plaintiff was declared incompetent on March 26, 1932, for reasons not disclosed in this record, and subsequently on March 20, 1944, defendant, National Bank of Monticello, was appointed conservator of his estate. On March 1, 1967, he was adjudged not to be an incompetent and letters of conservatorship were revoked.

On February 10, 1955, plaintiff, while a pedestrian, was injured as a result of alleged joint and several negligence of defendants, Randolph Lundeen, an automobile driver, and Champaign-Urbana City Lines, Inc. Subsequently, the conservator of the plaintiff filed suit to recover damages from defendants, Randolph Lundeen and Champaign-Urbana City Lines, Inc., for the injuries.

On September 9, 1957, the conservator for the plaintiff petitioned the County Court of Champaign County for an order authorizing compromise and settlement of the suit upon payment of $2,000 by defendant, Randolph Lundeen, and $750 by defendant, Champaign-Urbana City Lines, Inc. The court granted the petition and the bank, as conservator, executed a release to the said defendants. On September 13, 1957, the conservator's common-law action on behalf of plaintiff was dismissed.

After such settlement one Jesse Gibson, as next friend of plaintiff, obtained authority for the conservator to

tender the settlement sum back and again to seek recovery from defendants. In 1959 Jesse Gibson, as next friend of plaintiff, filed suit against the defendants, Randolph Lundeen and Champaign-Urbana City Lines, Inc., charging negligence. These defendants filed a motion to dismiss the complaint on the ground that the next friend had no legal right to sue and that the suit was barred by the order of dismissal in the previous suit. The suit was dismissed. Gibson died and Walter Reinhold was substituted as next friend. Plaintiff, by his next friend, asked leave to amend and tender return of the money. This motion was denied and plaintiff, by his next friend, appealed to the Appellate Court. The judgment of the Circuit Court was affirmed in Wascher v. Lundeen, 32 Ill App2d 239, 177 NE2d 440.

The reviewing Court held that the order authorizing the tender of the money back was a permissive order to the conservator and did not substitute the first or second next friend for the duly appointed conservator, and did not revoke the order approving the settlement. It therefore, held that neither the first nor second next friend had authority to act. The court also found that since there was a conservator, no guardian ad litem was necessary. The court said there was no showing of adverse interest of the conservator, but only an allegation that full disclosure of the extent and permanency of the injuries was not made to the County Court.

The opinion expressed some doubt whether a release authorized by a court could be set aside absent misrepresentation, overreaching or fraud. It went on to find that there was no showing that the settlement was unfair or unjust. On the contrary, it found that the record showed that two competent attorneys, acting for the bank as conservator, determined that the amount received on the basis of the facts and the injuries, was reasonable and recommended the settlement be made. It

454

was on the basis of these matters of record that the County Court authorized the settlement.

The present suit generally charges fraud and concealment by the conservator in the County Court with reference to the seriousness of plaintiff's injuries. However, the specification of this charge is only that the conservator stated "in part" that the ward has made "satisfactory recovery" from the said injuries, whereas the conservator knew the ward had received "a serious and permanent type of injury." This same charge, except as to the language of fraud and concealment, was in the proceedings culminating in Wascher v. Lundeen.

■ While there is always an area of doubt created by the charge of "fraud" and "concealment," it has long been recognized by our courts that the use of such words alone does not create a cause of action. In Fortune v. English, 226 Ill 262 on 269, 80 NE 781, our Supreme Court said of an alleged fraudulent concealment of a cause of action:

> "The words 'craftily,' 'fraudulently,' 'falsely' and 'maliciously' are of no avail in the absence of averments of facts to which they properly apply."

Without accepting an allegation of a "part" of a representation as sufficient to allege fraud, the quoted "satisfactory recovery" is not necessarily contradictory to the statement that plaintiff, in fact, had "a serious and permanent type" of injury. As to the materiality of the statement standing alone, it is recognized by all that settlement of a personal injury claim always involves consideration of the facts with reference to liability as well as the facts with reference to injury. Thomas v. Hollowell, 20 Ill App2d 288 at p 291, 155 NE2d 827. The recommendation of settlement by the two attorneys who investigated the matter as stated in the record of the case previously appealed was found to be probably a rec-

ommendation based upon the total fact situation, and not the situation with reference to injuries alone. The opinion expressly states that the allegation of concealment or failure to disclose was not borne out by any facts and that no fraud was shown.

It is upon the foregoing charges that plaintiff seeks to sue the original defendants and the conservator for the damages resulting from the original injuries to the plaintiff.

■ Plaintiff asserts that the trial court had no authority to dismiss the action under section 48 of the Civil Practice Act, c 110, § 48(1), Ill Rev Stats 1967, because defendants' motions were unverified. It is contended that there being an issue of fact raised, accompanied by a jury demand, the court had no alternative but to deny the motions to dismiss. In this case the basis of the motion is the prior judgment of the County Court approving the settlement, the prior judgment of the Circuit Court dismissing the conservator's original suit and the prior judgment in the case of Wascher v. Lundeen, 32 Ill App2d 239, 177 NE2d 440. These are all matters of which the court is required to take judicial notice. C 110A, Rule 133(b), Ill Rev Stats 1967. Moreover, the matters raised by the several motions were themselves alleged or recited in the complaint and there were no affidavits or proof denying the facts alleged or obviating the defect. C 110, § 48(3), Ill Rev Stats 1967.

■ It is argued that the previous adjudications are not res judicata because identity of the parties is lacking. The identification in the authorities is "parties and their privies." The People v. Kidd, 398 Ill 405, p 408, 75 NE2d 851. In the original suit by the conservator against Randolph Lundeen and Champaign-Urbana City Lines, Inc., and in the proceeding in the County Court for approval of the settlement the conservator was in privity with plaintiff. These judgments still stand.

It is insisted that since the reviewing court in Wascher v. Lundeen, 32 Ill App2d 239, 177 NE2d 440, held that the next friend had no standing to represent plaintiff, the other matters contained in the opinion are of no effect, and the case is not an adjudication that the charges of invalidity of the releases and dismissal of the original suit are without merit. We note that opinion had the language, "Had there been any mistake, error, or omission we would have been inclined to hold that the releases should be held invalid." That court did, in fact, pass upon the merits of the case. The basis of the opinion of the reviewing court, which was seeking on its own to give every possible benefit to the incompetent within established principles of law, was the record of which we are required to take judicial notice. Having before us the very record which the reviewing Court had in the previous case, the order of the County Court of Champaign County approving the settlement, and the judgment of the Circuit Court of Champaign County dismissing the suit of the conservator against the original defendants are res judicata.

The judgment of the Circuit Court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.