ROBERT SCHERER, JR., a Minor, by ROBERT SCHERER, his Father and Next Friend, Plaintiff-Appellee, *v.* RAVENSWOOD HOSPITAL MEDICAL CENTER, Defendant-Appellant.

(No. 59223; ▮▮▮▮▮▮▮▮▮▮▮

First District (5th Division)—July 26, 1974.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, John D. Cassidy, and Stanley J. Davidson, of counsel), for appellant.

Baskin, Server, Berke & Rosenbloom, of Chicago (Alan I. Boyer, of counsel), for appellee.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Pursuant to Supreme Court Rule 308, defendant was granted leave to appeal from an interlocutory order denying its motion to dismiss count I of plaintiff's amended complaint. (Ill. Rev. Stat. 1973, ch. 110A, par. 308.) The question of law identified by the judge of the chancery division of the circuit court is "whether the Probate Court's approval of a

minor's settlement is a bar to the minor bringing a subsequent suit based on the same incident when the minor alleges that there was a mutual mistake of fact as to the nature of the damages sustained by the minor as a result of such incident."

The question arose under the following circumstances: On October 16, 1961, when 2 months old, plaintiff was allegedly injured while a patient in defendant hospital. Plaintiff's father, as duly appointed guardian, petitioned the probate court for approval of a settlement reached by the parties. The probate court order, entered October 18, 1962, recited that from the petition it appeared that plaintiff had suffered a linear fracture of the head. The court ordered that the claim against defendant be settled for $1,500 and that the guardian execute and deliver to defendant a full and complete written release and discharge from all liability on account of injuries to the minor.

On February 28, 1972, plaintiff filed suit at law against defendant seeking damages for injuries alleged to have resulted from the incident of October 16, 1961. There was no mention in the complaint of the October 18, 1962, court-approved settlement and release. Defendant's motion to dismiss the complaint on the basis of the prior order of settlement and release was denied.

Thereafter, on his own motion, plaintiff filed a two-count amended complaint. In count I plaintiff acknowledged that his claim had been settled and released, but asked that the release and court order approving the settlement be vacated, set aside, and adjudged void and of no effect. In support of this request plaintiff alleged that the release and court approval were procured as a result of a mutual mistake of fact, in that the parties settled for $1,500 in the mistaken belief that plaintiff had been completely cured of his injuries. In both original and amended complaints, plaintiff alleges he suffers from brain damage as a result of defendant's conduct in 1961, which alleged damage could not be detected or evaluated in 1962 by virtue of the infancy of the plaintiff. Had both parties known of the brain injury now alleged, the settlement would not have been made. Inasmuch as the relief sought in count I of the amended complaint sounds in equity, the cause was transferred to the chancery division of the court.

Defendant filed a motion to dismiss count I on the basis that it failed to set forth any equitable grounds upon which the release approved by the probate court could be set aside. Defendant appeals from the denial of this motion. Ill. Rev. Stat. 1973, ch. 110A, par. 308.

OPINION

Defendant contends that in approving a minor's settlement the court

makes a determination that the settlement is reasonable. Thus, it argues, the order had the force of a judgment and may be vacated only upon a showing of actual or constructive fraud, lack of jurisdiction, or improper legal representation of the minor. Plaintiff maintains that no such determination of reasonableness is made. He argues that the order merely authorizes the guardian to execute a release on behalf of the minor, who is incompetent to do so himself. Under plaintiff's theory, the court-approved release has the force of a release between two adults and may not be rescinded on grounds of infancy. But as is the case with releases between two adults, a release executed on behalf of a minor, plaintiff claims, may be set aside upon a proper showing of mutual mistake of fact.

Although the court is not required to approve every settlement that a minor and an alleged tortfeasor might reach, the proceeding in which approval is sought is essentially the submission of a predetermined agreement to the court. The court may lend its wisdom and experience to the minor in an effort to prevent overreaching by the tortfeasor. But its participation cannot realistically lead us to consider the proceeding an adjudication, since the alleged tortfeasor is not a party to the proceeding, no issues of fact are controverted, and the court neither makes findings nor enters judgment. In the case at bar, the order merely recites the matters that "appear" to the court (apparently from the petition of the guardian of plaintiff's estate) and orders the guardian to perform specified acts, including the execution of a written release.

Under the release, then, the minor and the alleged tortfeasor should attain the same legal position as two adults who have settled an unliquidated claim without resort to litigation. We find no persuasive reason why a minor, whose claims cannot satisfactorily be compromised and released except through court approval, should be more rigorously denied relief than an adult from mutual mistake, simply because a court was laboring under the same mistake. Annot., 8 A.L.R.2d 460, 462 (1949).

Although we have found no Illinois cases that explicitly resolve this issue, our conclusion is supported by the fact that the judicial policy applicable to the vacating of a release between two adults was applied to a release executed by the guardian of a minor pursuant to a court order. *Hudson v. Thies*, 35 Ill.App.2d 189, 182 N.E.2d 760, *aff'd*, 27 Ill.2d 548, 190 N.E.2d 343.

■■ Illinois follows the majority of jurisdictions in allowing a court to set aside a release executed by a tort victim when the facts indicate that the parties were mutually mistaken as to the extent of the releasor's injuries. (*Welsh v. Centa*, 75 Ill.App.2d 305, 221 N.E.2d 106.) In cases involving releases between adults our courts have not drawn the distinction urged by defendant, *i.e.*, that a release may be set aside for

mutual mistake of fact only when the releasor sustained separate and distinct injuries that were not known or considered at the time settlement was approved, and may not be in validated when known injuries resulted in unknown and unexpected consequences. (See, *e.g., Clancy v. Pacenti,* 15 Ill.App.2d 171, 145 N.E.2d 802, 71 A.L.R.2d 77; *Ruggles v. Selby,* 25 Ill.App.2d 1, 165 N.E.2d 733; *Smith v. Broscheid,* 46 Ill.App.2d 117, 196 N.E.2d 380.) Rather, they have treated the question whether there was a mutual mistake of fact as a question of fact for the judge in chancery, who is able to be flexible in exercising his discretion so as to avoid an unconscionable result. (*Reede v. Treat,* 62 Ill.App.2d 120, 210 N.E.2d 833.) We see no reason why the same principles should not be applied when a minor is a party to the release.

■■■ We appreciate the concern of defendant and potential future defendants that a release may or may not be considered final when once approved by the court. We hold only, however, that the probate court's approval of a minor settlement is not a bar to a subsequent suit by a minor based on the same incident when the minor alleges there was a mutual mistake of fact as to the nature of the damages sustained by the minor as a result of such incident. The mutual mistake of fact must be proved by clear and convincing evidence by the minor. (*Welsh v. Centa,* 75 Ill.App.2d 305, 221 N.E.2d 106.) Accordingly, we hold that the trial court properly denied defendant's motion to dismiss and the cause is remanded to the trial court for an evidentiary hearing on the issue of a mutual mistake of fact.

Affirmed and remanded.

SULLIVAN, P. J., and LORENZ, J., concur.