STANTON BLAYLOCK, Plaintiff-Appellant, *v.* TOLEDO, PEORIA & WESTERN RAILROAD COMPANY, Defendant-Appellee.

Third District  No. 75-331

Opinion filed October 28, 1976.

Lindholm & Williamson, of Peoria (Nile J. Williams, of counsel), for appellant.

Cassidy, Cassidy & Mueller, of Peoria (David Mueller, of counsel), for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Stanton Blaylock, commenced this action in the circuit court of Tazewell County seeking damages from the defendant, Toledo, Peoria & Western Railroad Company, under the terms of the Federal Employers' Liability Act (45 U.S.C.A. §51 *et seq.*). Pursuant to the railroad's motion for summary judgment the trial court entered judgment in the defendant's favor and plaintiff has appealed.

In its response to the complaint, the railroad included in its answer an affirmative defense in which it alleged the plaintiff's claim had been released pursuant to the terms of a written release attached to the answer. Plaintiff's reply to the affirmative defense of release generally denied the substantive allegations of the affirmative defense and also claimed the release to be invalid on account of fraud. The issues which arise on this appeal relate to the release and in particular whether the trial court properly granted defendant's motion for summary judgment based on the release.

Plaintiff was a laborer employed by the Toledo, Peoria & Western Railroad. On August 9, 1973, he was injured when a pile of ties fell on him. After a period of hospitalization and convalescence plaintiff returned to work. According to plaintiff, he was again injured while lifting a tie on November 15, 1973.

After the pleadings were filed, the depositions of plaintiff and Alvin Polich, general manager of defendant, were taken by counsel for the parties. These depositions plus the affidavits of Polich and his secretary were the documents upon which the motion for summary judgment was based.

Beginning in October 1973, plaintiff commenced efforts to secure a monetary settlement of his claim by making inquiries of Polich, the railroad general manager. The third inquiry culminated in a meeting on December 3, 1973, at which time plaintiff, Polich, and Polich's secretary were present. According to the deposition of Polich, his affidavit, and that of his secretary, an amount of a monetary settlement was agreed upon, the release was prepared and explained to plaintiff. He thereafter signed the release by placing his mark on it after it was read to him. Plaintiff could neither read nor write. The release provided for the payment of $1,723.90. Of this amount plaintiff received $1,000 at that time and the balance of $723.90 was thereafter paid to the railroad retirement board for advances it had made to plaintiff. The release specifically referred to the release of any claims which might arise from occurrences taking place

either on August 9, 1973, or November 15, 1973. At the time of the settlement negotiations, plaintiff was represented by an attorney who had notified the defendant of his representation of plaintiff. The attorney was not, however, notified of the meeting either by plaintiff or Polich. In October 1974 this action was commenced by plaintiff. The complaint sets forth a cause of action as in the usual case of a proceeding under the · Federal Employers' Liability Act. It makes no reference to the release or the events which transpired at the time the release was signed.

In response to defendant's motion for summary judgment, the plaintiff moved to strike the motion and supporting documents. No counteraffidavits were filed. The trial court denied the motion to strike and granted defendant's motion for summary judgment.

It has been often repeated that summary judgment should be allowed only if there is no genuine issue as to any material fact and the moving party is entitled to the judgment as a matter of law. (*Greenwood v. Leu,* 14 Ill. App. 3d 11, 302 N.E.2d 359.) When ruling on a motion for summary judgment, the court must construe the pleadings, exhibits, and affidavits strictly against the moving party and liberally in favor of the opponent. *Decatur Construction, Inc. v. Central Illinois Public Service Co.,* 16 Ill. App. 3d 1056, 307 N.E.2d 431.

■■■ Public policy favors the peaceful and voluntary resolution of claims and when there has been such resolution, a presumption of its validity is created. (*Martin v. Po-Jo, Inc.,* 104 Ill. App. 2d 462, 244 N.E.2d 851.) Since this action was commenced under the provisions of the Federal Employers' Liability Act, substantive Federal law controls with regard to the substantive interpretation of releases. (*Callen v. Pennsylvania R.R. Co.,* 332 U.S. 625, 92 L. Ed. 242, 68 S. Ct. 296 (1947), and *Dice v. Akron, Canton & Youngstown R.R. Co.,* 342 U.S. 359, 96 L. Ed. 398, 72 S. Ct. 312 (1952).) However, Federal and Illinois law generally agree on the defenses which may be asserted to vitiate a release. Generally these are fraud in the execution, fraud in the inducement, mutual mistake, and mental incompetence. *Callen v. Pennsylvania R.R. Co.,* 332 U.S. 625, 92 L. Ed. 242, 68 S. Ct. 296 (1947); *Hudson v. Thies,* 35 Ill. App. 2d 189, 182 N.E.2d 760, *aff'd* 27 Ill. 2d 548, 190 N.E.2d 343; *Child v. Lincoln Enterprises, Inc.,* 51 Ill. App. 2d 76, 200 N.E.2d 751.

The existence of the release is a matter upon which the defendant has the burden of proof. However, once the release is established, it is then the burden of plaintiff attacking the validity of the release to prove its invalidity. *Callen v. Pennsylvania R.R. Co.* 332 U.S. 625, 92 L. Ed. 242, 68 S. Ct. 296 (1947); *Welsh v. Centa,* 75 Ill. App. 2d 305, 221 N.E.2d 106.

■■ As indicated earlier, the plaintiff filed a pleading in response to the affirmative defense of release, claiming fraud. In this pleading the plaintiff made no effort to support his general allegation of fraud by

referring to misrepresentations, but contented himself with indicating that he did not understand the release. So far as the documents are concerned which the court considered in relation to the motion for summary judgment, we have been unable to find and the plaintiff has not called our attention to any facts which might support an inference of fraud. Even the plaintiff's own deposition is lacking in any support for such claim. Indeed, whenever plaintiff was questioned about his understanding about the transaction or what was said to him he was advised not to respond to the questions by his counsel and he did not respond. Since no counteraffidavits were filed, there is a complete absence of any factual basis supporting a claim of fraud. It seems to have been the plaintiff's position that it was the burden of the defendant to prove the absence of those grounds which might vitiate the release. As heretofore stated, this is not the rule and the plaintiff's failure to support his charge of fraud is fatal.

Lastly, plaintiff seeks the application of the rule that releases may be invalidated when it is shown that they are grossly unfair and unjust. We have no quarrel with this rule as discussed in *Ruggles v. Selby*, 25 Ill. App. 2d 1, 165 N.E.2d 733, and *Clancy v. Pacenti*, 15 Ill. App. 2d 171, 145 N.E.2d 802, but it is clear that as applied in such cases the rule is premised on a mutual mistake of fact, *i.e.*, neither party was aware of the serious nature of the injuries. However, plaintiff's argument finds no support in the record for the application of this rule. Neither the pleadings nor plaintiff's deposition set forth any facts from which it may be inferred there was a mutual mistake of fact resulting in the execution of the release and again it is not the burden of the defendant to establish the absence of a mutual mistake of fact.

Finding no error in the judgment of the circuit court of Tazewell County, the judgment of said court is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.