## KORDIS v. AUTO OWNERS INSURANCE CO.

1. APPEAL AND ERROR—MOTION TO DISMISS—PLEADING.
   On appeal from order granting motion to dismiss declaration, allegations of the declaration must be accepted as true and determination made as to whether or not a cause of action is therein set forth.

2. ACTION—DAMAGES—RELEASE—FRAUD OF TORTFEASOR'S INSURER.
   In action against tortfeasor's insurer for damages for fraud alleged to have been practiced upon plaintiff by defendant in procuring a release for a wholly inadequate consideration, the action is not primarily based upon the personal injuries inflicted upon plaintiff by the tortfeasor but is for loss suffered through deprivation of right to be compensated for damages sustained for a wholly inadequate consideration because of fraud practiced.

3. FRAUD—RELEASE—ELECTION OF REMEDIES—WAIVER OF RESCISSION.
   Fact that pedestrian who was injured by motorist might have a right of action against tortfeasor after latter's insurer had obtained release if release were procured through fraud would not bar action against insurer for damages arising from fraud in procuring release since plaintiff may elect to waive right of rescission.

4. SAME—RELEASE—RESCISSION.
   Restoration or tender of money paid for a release is not a condition precedent to maintenance of action against tortfeasor's insured which had fraudulently obtained the release.

5. SAME—DAMAGES—PLEADING.
   In action by injured pedestrian against motorist's insurer for damages sustained because of fraud in inducing plaintiff to accept a settlement of $2,000 for a release having an alleged value of $25,000 of which $10,000 was covered by defendant's insurance policy, contention that declaration did not set forth sufficient facts to furnish a basis for measuring damages *held*, untenable.

6. DAMAGES—MEASUREMENT—ACCURACY.
    Damages arising from tortious conduct of defendant may not
      be denied merely because they cannot be measured with ab-
      solute accuracy.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
    The Supreme Court may properly decline to consider a question
      not passed upon by the trial court.

8. PLEADING—AMENDMENT—LEAVE OF COURT.
    A second amended declaration filed after defendant's motion
      to dismiss but before an answer was filed was not filed in
      violation of court rule even though leave of court was not
      first obtained (Court Rule No. 26, § 1 [1933]).

Appeal from Alger; Runnels (Herbert W.), J. Submitted April 4, 1945. (Docket No. 21, Calendar No. 42,841.) Decided May 14, 1945.

Action by Frank Kordis against Auto Owners Insurance Company for damages sustained in settlement of law action obtained by fraud. Declaration dismissed on motion. Plaintiff appeals. Reversed and remanded for further proceedings.

*Roscoe W. Baldwin* (*George S. Baldwin*, of counsel), for plaintiff.

*Richard W. Nebel* (*Glenn W. Jackson*, of counsel), for defendant.

NORTH, J. Plaintiff's suit is for damages alleged to have been sustained by him in consequence of fraud and deceit practiced upon plaintiff by defendant through its agent, W. J. Faught. Defendant made a motion "to dismiss plaintiff's second amended declaration." After hearing this motion it was granted by the trial court on the ground "that said amended declaration does not state a cause of action." Judgment was entered accordingly, and plaintiff has appealed. In this type of appeal the allegations of the declaration must be

accepted as true; and decision turns upon whether plaintiff in his declaration has set forth a cause of action.

For present purposes it is sufficient to note the declaration states that in May, 1941, plaintiff was seriously injured and totally and permanently disabled as a result of being struck while he was walking on a public highway by an automobile owned and operated by one Ludwig Knaus, and that the accident occurred as a result of the negligent and unlawful operation of the automobile. That at the time of the accident defendant herein had issued and there was outstanding its policy of automobile insurance covering Knaus' automobile, indemnifying him against liability to the amount of $10,000. Some months after the accident, as alleged by plaintiff, while he was still suffering from injuries received in the accident and was physically and mentally unfit to transact business, defendant's agent Faught induced plaintiff by false and fraudulent representations to sign a release of any claim he might have against Ludwig Knaus; and in consideration of plaintiff executing such release defendant herein paid his hospital and doctor bills in the amount of $1,900 and paid to plaintiff $100.

The false and fraudulent representations set forth in the declaration are as follows:

"*A*. That plaintiff had no permanent disability and would shortly be able to return to work, according to information the said W. J. Faught had received from plaintiff's doctor, Eugene Elzinga, M. D.

"*B*. That plaintiff had to accept said offer of settlement immediately or he would recover nothing.

"*C*. That the defendant's liability under the said insurance policy would not exceed $2,000."

Plaintiff in his declaration states that each of the alleged representations was false and fraudulent and they were made with wilful and wanton disre-

gard of the truth and for the purpose of inducing and did induce plaintiff to accept payment of the $2,000 in full settlement of his claim for damages when in fact plaintiff had a valid claim for a much larger sum, to wit, $25,000, "$10,000 of which was covered by said insurance policy;" and further that plaintiff, being without the means of independent investigation or advice believed and relied upon the false and fraudulent representations of defendant's agent, and was thereby fraudulently induced to sign the release of his cause of action.

Defendant's motion to dismiss in the main is based upon the following grounds.

1. If plaintiff executed the release because of fraud or mistake, it is not binding, and therefore plaintiff has not been subjected to any loss, i. e., he may still prosecute his suit for damages against Knaus as a tortfeasor.

2. Plaintiff has neither tendered nor repaid the $2,000 which was the consideration for his release; and plaintiff's declaration does not aver rescission or an offer to rescind or return the consideration paid for the release.

3. Plaintiff's declaration does not set forth sufficient facts to furnish a basis of measuring damages.

At the outset it should be noted the instant suit is not primarily based upon an alleged right of plaintiff to recover damages for injuries unlawfully inflicted upon him when he was struck by Knaus' automobile. Instead it is an independent suit based upon alleged fraud and deceit claimed to have been practiced upon plaintiff by defendant's agent and in consequence of which for a wholly inadequate consideration plaintiff herein signed a release of his cause of action against Knaus, and thereby plaintiff was deprived through fraud and deceit of his valuable right to be compensated for damages he had sustained.

Consideration of relevant authorities brings the conclusion that there is no merit to defendant's contention that if the release from plaintiff was fraudulently obtained it is wholly ineffective and he may still prosecute a suit for damages against Knaus, and therefore plaintiff has suffered no damage. A suit could not now be prosecuted against Knaus except on the theory of rescission. But when one, as plaintiff claims in the instant case, has suffered damage by reason of fraud or deceit of another, the person so injured has the option of rescinding the transaction consummated by fraud and proceeding to recover; or the injured party may waive his right to rescind and sue to recover such damages as he may have suffered in consequence of the fraud perpetrated upon him.

It is true if plaintiff had elected to consider the release ineffective because fraudulently obtained and had brought suit against the tortfeasor, such release would not have been a bar to his suit. But that fact or circumstance does not support the conclusion that therefore plaintiff, since he was not barred from bringing such suit, may not elect to waive his right of rescission and bring his suit against defendant on the ground of fraud and deceit in procuring the release. Appellant's right to recover in the instant case, upon establishing the essential allegations by competent testimony, is within our holdings in the following cases. *Briggs* v. *Brushaber*, 43 Mich. 330 (38 Am. Rep. 187); *Merlau* v. *Kalamazoo Circuit Judge*, 180 Mich. 393; *First State Savings Bank* v. *Dake*, 250 Mich. 525; and *Hutchings* v. *Takens*, 287 Mich. 96.

Defendant's contention that plaintiff's declaration does not state a cause of action, because he does not allege rescission "or offer to rescind, or return the consideration paid" for the release is not sound in law. Plaintiff does not seek to rescind his release

of the tortfeasor (Knaus) from liability and recover on the initial tort. Restoration or tender of the money paid for the release, alleged to have been obtained fraudulently, is not required in the instant suit.

"It is intimated by counsel that relator has not rescinded the contract and offered to restore what she received. Upon this proposition it need only be said that it is well-settled law that no rescission or restitution is necessary as a condition precedent to maintaining an action for damages arising from false representations and deceit. 20 Cyc. p. 91, and cases cited; *Wegner* v. *Herkimer*, 167 Mich. 587." *Merlau* v. *Kalamazoo Circuit Judge, supra.*

Further, defendant's contention that plaintiff's declaration does not set forth sufficient facts to furnish a basis of measuring damages, is not tenable. Plaintiff's declaration alleges that by defendant's fraud he: "was induced to accept a settlement of $2,000 which was grossly inadequate for such release which in fact had a value of $25,000, $10,000 of which was covered by said insurance policy issued by defendant to the said Ludwig Knaus." We are not in accord with defendant's assertion that the damages sought by plaintiff are "too speculative to permit of recovery." Appellee cites decisions from other jurisdictions which seem to support its contention, but they are not in harmony with the long established rule in this State. In this jurisdiction a wrongdoer has not been permitted to say that because the damage he has done to an injured party is not capable of determination with precise accuracy, therefore such injured party can recover nothing from the wrongdoer. More than 60 years ago Justice Cooley in *Briggs* v. *Brushaber, supra,* wherein plaintiff sought recovery for an alleged fraud, said:

"It is true this (plaintiff's damage) could not be definitely fixed by the evidence; witnesses might disagree respecting it; the market value of lands might rise afterwards to an extent that would make the mortgage available to its full amount; but there is nothing unusual in contingencies of this sort being involved in litigation and casting uncertainty upon any attempt to do justice.   *   *   *   But controversies of the sort can only be determined in one way: the jury must judge of the extent of the damage by such evidence of value as the parties may be able to produce."

In the more recent case of *Voss* v. *Adams*, 271 Mich. 203, we have said:

"There is a difference between certainty as to the existence or cause of an injury and as to the measure or extent of damage.   It is a recognized rule that a wrongdoer will not go scot-free because his victim cannot prove his loss exactly."

See, also, *Stern Co.* v. *Friedman*, 229 Mich. 623; *DeVries* v. *Meyering Land Co.*, 248 Mich. 128; and *Cocktail Arbor, Inc.*, v. *Drieborg*, 294 Mich. 332.

In support of defendant's motion to dismiss plaintiff's declaration there is included the additional reason that plaintiff's second amended declaration was filed without leave of court more than 15 days after the preceding amended declaration was filed and after defendant had filed its motion to dismiss. We might well decline to consider this question for the reason that it was not passed upon by the trial court.   Instead the sole reason given by the circuit judge for dismissing plaintiff's declaration was: "that said amended declaration does not state a cause of action."   However, it may be noted that the defendant is in error in asserting that plaintiff's second amended declaration was filed in violation of

Court Rule No. 26, § 1 (1933), which provided: "A plaintiff may at any time before answer is put in, or within 15 days thereafter, amend his declaration or bill of complaint  *  *  *  without leave of court and without costs." Defendant has not yet filed an answer in the instant case.

We have considered other reasons assigned and arguments made in support of defendant's motion to dismiss, but find them without merit. The trial court was in error in ordering dismissal of plaintiff's declaration. The judgment entered in the circuit court will be vacated. The case is remanded for further proceedings, defendant having 15 days within which to answer. Costs of this appeal to appellant.

STARR, C. J., and BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred with NORTH, J. WIEST and BUTZEL, JJ., concurred in the result.