**Fred E. Hyde, Plaintiff-Appellee, v. Montgomery Ward and Company, Inc., and Leonard Hanlin, Defendants-Appellants.**

**Gen. No. 9,702.**

WHEAT, J., specially dissenting.

Opinion filed May 31, 1951. Modified opinion filed June 27, 1951. Released for publication June 28, 1951.

INGHRAM & INGHRAM, of Quincy, for appellants.

WEAVER, JENKINS & GRIGSBY, of Pittsfield, and SCHMIEDESKAMP & JENKINS, of Quincy, for appellee.

389

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from a judgment entered in the circuit court of Adams county in favor of the plaintiff, Fred E. Hyde, and against the defendants, Montgomery Ward & Co., Inc., a corporation, and Leonard Hanlin.

Plaintiff was injured in an automobile accident arising out of the alleged negligence of Leonard Hanlin, the agent and servant of Montgomery Ward & Co., Inc., and the alleged negligence of one Lynnard Cates, the driver of another motor vehicle. Cates was not joined as a party to the suit.

In their answer to the complaint the defendants set out that plaintiff had received the amount of $4,500 from Cates and had executed a covenant not to sue him; that if the allegations of the complaint were true the defendants and Cates were joint tort-feasors and the amount received by plaintiff for his injuries under said covenant should be deducted from, credited against, and in mitigation of the damages plaintiff was entitled to recover, if any.

Plaintiff filed a motion to strike this part of the answer, which the trial court granted.

During the course of the trial, the court refused to allow any evidence concerning the payment to the plaintiff by Cates, or concerning the covenant not to sue. On cross-examination, plaintiff was asked whether or not payment had been made to him by Cates, but the court sustained an objection to the question. Outside the presence of the jury, defendants' counsel made their offer to produce evidence of payment and the covenant not to sue.

The jury returned a verdict in favor of the plaintiff and against both the defendants in the amount of $3,000, and judgment was entered on the verdict.

Thereafter defendants filed a petition setting out the payment referred to, and praying that the defend-

ants be allowed to offer evidence, and that if upon the hearing of the petition the court should determine that any payment had been made by Cates to plaintiff on account of his injuries, the amount of such payments should be credited upon the judgment. Plaintiff filed a motion to strike the petition. The motion was sustained and defendants' petition was denied. This appeal followed.

The main question to be decided on this appeal is whether or not the court should have admitted upon the trial of this cause the evidence of the payment to the plaintiff and the execution of the covenant not to sue.

There has been considerable conflict among the authorities on this question. The cases are collected and analyzed in *Aldridge v. Morris,* 337 Ill. App. 369, decided May 10, 1949, and to which opinion this court referred in the case of *New York, C. & St. L. R. Co. v. American Transit Lines,* 339 Ill. App. 282. In that case we said, at page 286:

"The only other alleged error is that 'The trial court erred . . . . in reducing the amount of the verdict by $2,000 to reflect the amount received by plaintiff from the two defendants who were dismissed.'

"It appears that this $2,000 was received by plaintiff from two other defendants who, before trial, were dismissed out of the case on the plaintiff's motion, plaintiff having given them a covenant not to sue. No evidence of such payment was presented to the jury, but the fact of such payment was apparently conceded at the time of the entry of the judgment.

"In support of such contention plaintiff cites *Devaney v. Otis Elevator Co.,* 251 Ill. 28. Defendant cites *City of Chicago v. Babcock,* 143 Ill. 358; *Garvey v. Chicago Rys. Co.,* 339 Ill. 276; *Puck v. City of Chicago,* 281 Ill. App. 6; *Vandalia R. Co. v. Nordhaus,* 161 Ill. App. 110, 104 A. L. R. 932, and other authorities. See also *Aldridge v. Morris,* 337 Ill. App. 369.

"While there is apparently some conflict of authorities on the question, it is our opinion that the cases cited by the defendant are based on the better reasoning, and that therefore the trial court did not err in allowing such credit."

Our decision in this case was appealed to the Supreme Court. In their opinion, which appears in 408 Ill. 336, the Supreme Court stated that we properly applied the rule with reference to the covenant not to sue.

■ In view of our decision and the action of the Supreme Court, in this case it is our opinion that the trial court erred in refusing to receive in evidence the covenant not to sue and the payment made thereunder.

■ Where a plaintiff receives a payment for a covenant not to sue from one against whom tort liability could lie such payment may be deducted from the damages recoverable from persons whose tort liability arises out of the same circumstances, irrespective of whether the covenantee is made a party to the suit or not.

■ Plaintiff raises the point that said covenant and the evidence of the payment of $4,500 thereunder, were properly excluded because plaintiff's wife, who was also injured in the accident, joined in the covenant, and because the covenant covers damages to plaintiff's personal property as well as for his personal injuries, while the suit was one for personal injuries only. This position is not well taken because some part of the $4,500 paid was paid to the plaintiff for his personal injuries, and it was up to the jury to determine what part of the payment had been made to the plaintiff for his personal injuries, and to take that into account in awarding plaintiff a verdict for his personal injuries.

■ Plaintiff raises the question that defendants have not appealed from the judgment for $3,000, but only from the action of the trial court in refusing to

392

consider their petition filed after judgment and the rulings of the trial court during the course of the trial with reference to the introduction of the covenant and the evidence of the payment made thereunder. With this we cannot agree. We have examined the notice of appeal and amendment thereto, and we believe that the judgment for $3,000 is appealed from.

However, it is our opinion that this cause should be reversed and remanded for a new trial, and not simply reversed with directions for the court to hear defendants' petition filed after judgment. We believe that the original error consisted in refusing to admit the evidence of the payment and the covenant during the course of the trial. Questions were asked plaintiff about payment to him and the jury, in assessing his damages, may well have taken these questions into consideration. Plaintiff's injuries were extremely serious and the amount of the verdict is very modest in view of the injuries. It would be unfair to the plaintiff to deduct a payment to the plaintiff from the $3,000.

The cause is reversed and remanded for a new trial.

*Reversed and remanded.*

WHEAT, J.

I am unable to concur in the majority opinion. The problem of correlating the consideration paid for a covenant not to sue and the amount of damages which a jury awards as compensation for injuries received by plaintiff has confused courts since the problem first arose because various contradictory legal concepts seem equally applicable. (See *Aldridge v. Morris,* 337 Ill. App. 369.)

The present case presents an excellent example of why a court should never reduce the verdict by the amount paid for a covenant not to sue where the damages are unliquidated. If the sum of $4,500 paid for the covenant had been subtracted from the verdict of $3,000 an absurd judgment of minus $1,500 would have

been the result. There are other reasons, both practical and legal, why a court should never reduce the verdict by the amount paid for a covenant. It is obvious that the rule that there may be but one compensation for damages works smoothly where the damages are liquidated. For example, where one of the co-signers of a $1,000 note pays $200 on the note, the holder ought not to recover more than $800 by his suit. The question is not that simple where unliquidated damages are involved.

While compensation for the injury theoretically directs the jury in fixing the damages, most courts and lawyers recognize the fact that many verdicts are "ability to pay verdicts" and "penalty verdicts." The sum paid for a covenant not to sue can have no effect on either the "ability to pay verdict" or the "penalty verdict." This is certainly pertinent to actions involving the question of wilful and wanton misconduct. And, since the court may not assess damages in jury cases involving personal injuries, the court never should reduce a verdict by the amount paid for a covenant not to sue even when the jury is not cognizant of the fact that there ever was a covenant.

Secondly, there is a grave question as to whether or not there *is* any relationship between the consideration for a covenant and the "compensatory verdict." Is the one paying the consideration paying compensation for the injuries, gambling a small amount to preclude losing a large amount, or simply "buying peace," or is the payment a combination of the three? At least at the present time the determination is not for the court. From this stems a further doubt as to whether the jury should be apprised of the covenant or if apprised of it, whether they should be directed to consider it. If the one paying is "buying peace" or "gambling to save," a truly "compensatory verdict" could not and should not be changed by any amount paid for the covenant

any more than an "ability to pay" or "penalty verdict" should be changed.

In the present case there are further reasons why the rulings of the trial court should not be upset. The covenant in question covered personal injuries to plaintiff, his wife and property damage. In order for the jury, upon retrial, to consider the effect of the amount paid for the covenant upon the damages to be assessed, evidence would have to be introduced pertinent to the extent of the property damage and the injuries to plaintiff's wife, all of which would bring in new issues and result in unusual confusion. Even had separate checks been issued for each injury, the result would be the same because very often the payment is divided to suit the convenience of the one paying or those to be paid, particularly where guardianships and estate administration problems may be side-stepped.

It appears to me that no proper solution to the problem can be obtained by reference to any one of the number of present rules of law which might be applied. A workable answer to the problem requires a re-examination of the operations and methods of juries and a further inquiry into the role which ought to be played by payments of money to injured parties. It is my opinion that the judgment ought to be affirmed