Louis Meneghin, Plaintiff-Appellant, v. G. Irving Thunander, Thunander and Company, an Illinois Corporation, and the Tuthill Pump Company, an Illinois Corporation, Defendants-Appellees.

Gen. No. 48,694.

First District, Second Division.

June 12, 1962.

Maurino R. Richton, of Chicago Heights (Dario A. Garibaldi, of Chicago Heights, of counsel), for appellant.

Roland Towle, of Chicago, for appellees.

MR. JUSTICE BURKE delivered the opinion of the court:

Louis Meneghin filed a complaint for a judgment to declare the rights and liabilities of the parties to a contract for the purchase of real estate wherein the plaintiff is purchaser and the defendants are the seller and real estate brokers. Plaintiff also sought a declaration of the amount of damages accruing to him as the result of defendants' inducing the execution of the contract through misrepresentation and fraud. The court sustained a motion to dismiss the complaint on the ground that it was insufficient as a matter of law. Plaintiff stood on his complaint and appealed. The brokers filed a motion to dismiss the appeal because the questions involved became moot. The court took the motion with the case.

On February 5, 1962, plaintiff and the seller filed herein suggestions informing the court that the real estate purchase contract had been affirmed and closed according to its terms. The real estate contract was

dated January 18, 1961. The closing agreement by which this was accomplished, dated February 1, 1962, read: "The real estate contract dated January 18, 1961, was closed to-day at the office of the seller." The transaction was closed on the basis of the contract of January 18, 1961, as modified by the closing agreement of February 1, 1962. Plaintiff covenanted not to sue the seller. Plaintiff specifically and "unconditionally reserves and seller agrees to said reservation of all rights against the broker growing out of the transactions involved in the aforesaid litigation and both parties recognize that the preservation of such rights is a paramount consideration herein." The closing agreement further provided that "it is recognized that the closing of the contract to-day as provided in this closing agreement is for the sole purpose of disposing of the controversy between seller and buyer caused by the aforesaid misrepresentation of the broker and of limiting the damages which seller and buyer have been incurring by reason of delay in the closing of the contract due to such misrepresentations."

The exhibits show that the real estate contract was closed at the original price of $375,000. Federal revenue stamps based upon a consideration of that amount were placed upon the deed of transfer. Plaintiff asserts that the brokers at the closing demanded and received a commission for negotiating the sale on the basis of the purchase price of $375,000. In recognition of the buyer's claim for damages against the seller based upon the alleged misrepresentation of the brokers with respect to the real estate taxes, the seller allowed the buyer at the closing a setoff of $25,000 against the purchase price specified in the contract. Plaintiff received other benefits. The payments required by the purchase money mortgage were reduced from $55,000 to $35,000 per year, the interest rate was

reduced from 6% to 5% per annum and the proration of taxes was brought down to the date of closing.

In the closing agreement plaintiff covenanted "not further to sue" the seller and to indemnify the seller against any judgment rendered against it in respect of any transaction involved in the pending litigation, reserving to plaintiff all his rights against all persons other than the seller. The seller assigned to plaintiff any right of recovery which it may have against the brokers by reason of the offset and adjustments allowed by the seller to the buyer on account of the buyer's damage claim against the seller based upon the alleged misrepresentation of the brokers. On motion of plaintiff and the seller, we entered an order allowing the withdrawal of a deposit of $30,000 with the Clerk of the Circuit Court theretofore made by the plaintiff. The $30,000 fund was thereby made available for closing the deal for the land.

We turn to a consideration of the brokers' contention that the appeal should be dismissed because the facts of the accomplished settlement disclose that no controversy exists. Plaintiff insists that an actual controversy exists between him and the brokers. There was no settlement between plaintiff and the brokers of the tort action for damages based upon the brokers' alleged fraud in the inducement of the execution of the contract. Plaintiff's position is that he affirmed and closed the original real estate contract. We agree with plaintiff's contention that a party to a contract who has been induced to enter into the contract by fraudulent representations has an election of remedies. He may rescind the contract and bring suit in order that he may be placed in status quo, or he may affirm the contract and sue for damages resulting from the fraud. See Callner v. Greenberg, 376 Ill 212, 33 NE2d 437; Slade v. Slade, 310 Ill App 77, 33 NE2d 951; Am Jur (1958 Reprint) Vol 24, p 41.

The complaint charged that the brokers represented to plaintiff that the general real estate taxes for 1959 upon the contract of land were approximately $9,000; that the general real estate taxes for that year were in fact approximately $16,500 and will be substantially in excess of that amount for 1960 and subsequent years; that the brokers knew or should have known that the taxes were substantially in excess of $9,000; and that the representation as to the taxes was made with intent, actual or implied in law, to defraud and deceive plaintiff to offer a higher price for the land than he would otherwise have done. Assuming, without deciding, that plaintiff's allegations charging fraud are not vulnerable to the motion to dismiss, the question remains whether he suffered any damage. In closing the deal he received $25,000 in recognition of his claim for damages against the seller based upon the alleged misrepresentation of the broker with respect to the real estate taxes. He also received a reduction in interest on the mortgage of 1% per annum, which is estimated to be worth $9,350, and other benefits. Plaintiff says that the fraudulent representation involved a difference of approximately $7,500 per year. The assessor revalues all the real estate in the county every four years. The tax rate applicable to the valuation varies from year to year. The misrepresentation would not affect the valuation beyond the next quadrennial assessment. The consideration received by plaintiff from the seller because of the alleged fraud fully compensates plaintiff for any damages he would suffer. Where there are joint tort feasors a personal satisfaction by one may be shown by another in mitigation of damages. Hyde v. Montgomery Ward & Co., 343 Ill App 388, 99 NE2d 382; DeLude v. Rimek, 351 Ill App 466, 115 NE2d 561; Ryan v. Monson, 33 Ill App2d 406, 414, 415, 179 NE2d 449. The person who has been injured by more than one

tort feasor is entitled to only one recovery. Because plaintiff has been compensated for any damage caused by the alleged fraud, the issues on the appeal have become moot. Therefore the appeal is dismissed.

Appeal dismissed.

FRIEND, P. J. and BRYANT, J., concur.