■ GERARD AHERN et al., Respondents, v. GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORP., LTD., Appellant.— Order, entered on July 16, 1963, unanimously reversed on the law, with $20 costs and disbursements to appellant, and the motion to dismiss the complaint granted, with $10 costs, with leave, however, to plaintiffs to serve an amended complaint with respect to the first two causes of action, within 20 days after service of a copy of the order entered herein, together with a notice of entry. This action, instituted on or about the 17th day of June, 1963 has as its basis an injury alleged to have been sustained by the plaintiff Gerard Ahern, on or about the 18th day of February, 1947, when Gerard Ahern was an infant 6 years of age. He is now over 21 years of age. It is alleged that the defendant, General Accident, obtained a release from the parents through fraudulent representations. This present proceeding is brought to recover damages resulting from such fraud. It should be noted that this is not an action to rescind the release thereby obtained. Apparently, the plaintiff seeks to recover a sum which it is alleged he would have been able to recover upon the trial of the action against the original tort-feasor. That he may not do upon the facts alleged in his complaint. He still has a right to sue the original tort-feasor or his estate — the Statute of Limitations not yet having run (Civ. Prac. Act, § 60). Secondly, in attempting to prove his damage he asserts that had the release not been given he would have been able to obtain an attorney who would have been able to trace competent witnesses who would have testified in such a manner as would have resulted in a verdict for the plaintiff. That is entirely speculative. The damage that the plaintiff may recover — assuming he sufficiently establishes the cause of action in fraud — would be the difference between the amount received and the settlement value of his claim at that time (see Gould v. Cayuga County Nat. Bank, 99 N. Y. 333). That he fails

to allege. In that respect the first cause of action is defective. It would also seem that the allegation of fraud is not sufficiently pleaded. There is nothing in the complaint to indicate that at the time the representations were alleged to have been made that the defendant had an intent to defraud (see *Reno* v. *Bull*, 226 N. Y. 546). Accordingly, the first cause of action should be dismissed. The second cause of action is substantially the same as the first, except that the adjuster is tied in with the defendant under a general charge of conspiracy. The weaknesses inherent in the pleading of the first cause of action are here too, and accordingly this cause of action should be dismissed. The third cause of action is by the infant's mother to recover for medical expenses and loss of services. The mother does not allege that she has released her claim, nor does she show how she could have been damaged by the alleged fraud. By the fourth cause of action, the mother, Bertha Ahern seeks damages for mental pain and suffering allegedly sustained by her. There is nothing in that cause of action to indicate that such suffering was in any way related to the fraud alleged. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.