ELLA ROSE BRANCH, Plaintiff-Appellant, *v.* EUROPEAN AUTOHAUS, LTD., *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-530

Opinion filed June 22, 1981.

David S. Mejia, of Cook County Legal Assistance Foundation, Inc., of Maywood, for appellant.

Edward R. Burr, of Chicago, for appellees.

Mr. PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff, Ella Rose Branch, appeals from the order of the circuit court of Cook County dismissing her verified amended complaint against defendant European Autohaus, Ltd. (hereinafter Autohaus), and defendant, Uwe Max Naurath. On appeal, plaintiff argues that the trial court erred in dismissing the amended complaint in that it sufficiently stated a cause of action for conversion despite certain admissions made in the original complaint and that the trial court should have struck paragraph 14 of the defendant's counterclaim seeking damages for the cost of the storage of plaintiff's automobile in that this paragraph sought a type of damage unavailable under Illinois law.

For the following reasons this appeal is dismissed.

The plaintiff's original complaint alleged Autohaus' conversion of her 1973 Fiat after she requested an estimate from Autohaus for the car's repair and sought damages in the amount of $2,500 for the value of the automobile and $3,000 for the loss of its use. Upon Autohaus' motion, the plaintiff's verified original complaint was dismissed, and plaintiff subsequently filed a two-count verified amended complaint. This complaint added Naurath as a party defendant on the basis of his status as an employee and agent of Autohaus of which he was president and manager. It alleged that on March 22, 1977, plaintiff authorized the towing of her 1973 Fiat to defendants' repair shop for the purpose of obtaining an estimate for the repair work. According to the amended complaint, defendant Naurath called plaintiff on March 23, 1977, and gave her a $600 estimate. Plaintiff initially authorized the repair work; however, she revoked authorization when Naurath notified her an hour later that the repairs would cost $800 instead of the earlier quoted amount. The next

day plaintiff went to defendants' repair shop and demanded the return of her Fiat. While no repairs had been made on the car, defendants refused to redeliver the car to plaintiff until she paid $225 in costs for towing, inspection and for ordering unused parts. It is further alleged that plaintiff offered reasonable installment payments or a reasonable cash settlement to the defendants toward these costs; however, the defendants refused and claimed storage expenses in addition to the aforementioned expenses. The defendants have subsequently refused to redeliver possession of plaintiff's Fiat.

Defendants subsequently filed a motion to strike the amended complaint on the basis that it failed to state a cause of action and was otherwise barred by the statute of limitations. On January 8, 1980, the trial court granted defendants' motion to strike and dismiss. The court explained that the verified amended complaint, "taking into consideration the facts pleaded under oath in the original complaint fails to plead an action in conversion." It is from this order that plaintiff brings this appeal.

■■ We find it unnecessary to address the merits of this appeal because we find that no final and appealable order was entered by the trial court. While the parties failed to raise an issue as to this court's jurisdiction in their briefs, it is axiomatic that this court may determine the propriety of its jurisdiction *sua sponte*. (*Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712; *Keen v. Davis* (1969), 108 Ill. App. 2d 55, 246 N.E.2d 467.) The jurisdiction of this court is confined to reviewing appeals from final orders or judgments (Ill. Rev. Stat. 1979, ch. 110A, pars. 301, 304), unless an order comes within one of the exceptions for interlocutory orders. (Ill. Rev. Stat. 1979, ch. 110A, pars. 307, 308.) The general rule regarding whether an order is final and appealable is well stated in *Maple Investment & Development Corp. v. Skore* (1976), 38 Ill. App. 3d 654, 655, 348 N.E.2d 498. The court explained,

> "To constitute a final, appealable order, the order must terminate the litigation between the parties to the suit and finally determine, fix and dispose of their rights as to the issues made by the suit. [Citation.] A 'final order' for the purposes of appeal must terminate the litigation between the parties, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. [Citations.]"

Under Supreme Court Rule 304 (Ill. Rev. Stat. 1979, ch. 110A, par. 304), an appeal may also be taken from final judgments as to "one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal."

■■ The appealability of an order is determined by the substance as opposed to the form of the order. (*Johnson v. Northwestern Memorial*

*Hospital*; *Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918; *O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348, 356 N.E.2d 1293; *Martin v. Masini* (1967), 90 Ill. App. 2d 348, 232 N.E.2d 770.) Where the dismissal of the complaint results from a determination that the complaint is insufficient to state a cause of action as a matter of law, rather than based upon mere technical defects which could be remedied, then it is final and appealable by its very nature. (*In re Estate of Cochrane* (1979), 72 Ill. App. 3d 812, 391 N.E.2d 35; *O'Fallon Development Co. v. City of O'Fallon*; *Martin v. Masini*.) A general dismissal with no right to amend and no request for leave to amend is a final appealable order. (*Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20; *Rose v. Centralia Township School District No. 200* (1978), 59 Ill. App. 3d 606, 375 N.E.2d 1039.) However, an order is not a final appealable order if it only strikes a complaint or a count of a complaint (*Doner v. Phoenix Joint Stock Land Bank*; *Johnson v. Northwestern Memorial Hospital*), dismisses the complaint but grants leave to amend (*Hassett Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972, 387 N.E.2d 785; *Stutzke v. Edwards* (1978), 58 Ill. App. 3d 832, 374 N.E.2d 1071; *Gray v. Starkey* (1976), 41 Ill. App. 3d 555, 353 N.E.2d 703), or dismissed less than all the parties or issues. *A. Charles & Co. v. Bishop* (1979), 75 Ill. App. 3d 556, 394 N.E.2d 650; *St. Clair v. Sisters of Third Order of St. Francis* (1979), 72 Ill. App. 3d 421, 390 N.E.2d 966.

■■ In the instant case, the order appealed from granted defendant's motion to strike and dismiss the plaintiff's amended verified complaint for failing to state a cause of action. The record reveals that the order made no provision for plaintiff to amend the complaint. It also appears from the record that, due to the admission in the original verified complaint, the plaintiff would never be able to cure the defect in her complaint. Moreover, the record also indicates that defendant Autohaus filed a counterclaim against plaintiff on December 1, 1977, for damages in the amount of $1,426.48 for its disbursements, expenses, labor, materials and storage associated with plaintiff's Fiat. As the counterclaim was still pending at the time that plaintiff's amended complaint was dismissed, the instant order did not finally terminate the litigation between the parties and, as such, it was not a final appealable order under Supreme Court Rule 301. (Ill. Rev. Stat. 1979, ch. 110A, par. 301; *Chicago Miniature Lampworks, Inc. v. D'Amico* (1979), 78 Ill. App. 3d 269, 397 N.E.2d 138; *Highway Industries, Inc. v. Trailer Leasing Co.* (1977), 48 Ill. App. 3d 235, 363 N.E.2d 60; *Bell v. Home Federal Savings & Loan Association* (1976), 38 Ill. App. 3d 652, 348 N.E.2d 527.) Nor is the order appealable under Supreme Court Rule 304 (Ill. Rev. Stat. 1979, ch. 110A, par. 304), as it

failed to contain the phrase "no just reason to delay enforcement or appeal" as required by that provision.

Accordingly, for the reasons stated, a final and appealable order has not been presented for a disposition by this court, and the appeal is dismissed.

Appeal dismissed.

GOLDBERG and O'CONNOR, JJ., concur.