FREDERICK RICHARDSON *et al.*, Plaintiffs-Appellees, *v.* ECONOMY FIRE & CASUALTY COMPANY, Defendant-Appellant.

Third District   No. 3—83—0473

Opinion filed July 20, 1984.—Rehearing denied September 5, 1984.

STOUDER, P.J., dissenting.

Peter C. Fieweger and Donovan S. Robertson, both of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellant.

Dorothea O'Dean, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellees.

JUSTICE ALLOY delivered the opinion of the court:

This appeal addresses issues certified by the trial court under Rule 308(a) of the Illinois Supreme Court Rules (87 Ill. 2d R. 308(a)), for which we granted leave to appeal. Two issues are whether the cause of action is barred by the statute of limitations and whether the

cause of action in the amended complaint is barred by plaintiff's failure to file the amended complaint within the time specified by the court in its order of dismissal regarding the original complaint. Two other issues certified address the sufficiency of the complaint as amended. The first is whether the amended complaint should have been dismissed as a direct action against an insurer, contrary to public policy, and the second is whether the amended complaint states a claim against the insurer based upon fraud.

The record reveals that the plaintiffs filed their initial complaint against Economy Fire & Casualty Company, alleging personal injuries as a result of an accident with Economy's insured, David Collier. While the complaint set forth Collier's negligence and plaintiff's subsequent injuries, the gravamen of the action against Economy was fraud in obtaining a release and settlement concerning the accident with Collier. The Richardsons alleged that through intentional misrepresentations during settlement discussions, Economy had defrauded them in obtaining a release and settlement. Their initial complaint sought both compensatory and punitive damages against Economy. Economy filed a motion to dismiss, arguing that it failed to state a claim for fraud and misrepresentation sufficient to set aside the release and settlement agreement. In addition, Economy contended the complaint should be dismissed as a direct action against an insurer for liability of its insured. The trial court dismissed the complaint, finding that it failed to allege the necessary elements for a fraud cause of action. Plaintiffs were given 14 days to refile an amended complaint. That order of dismissal without prejudice to refile was entered on July 9, 1981. On July 8, 1982, plaintiffs filed their amended complaint without first obtaining leave of court.

The amended complaint contained allegations of personal injuries suffered by plaintiffs as a result of the negligent actions of David Collier on September 2, 1979. It was alleged that damages in excess of $15,000 resulted from Collier's negligence. No recovery against Collier was requested, however, nor was Collier a named defendant. The cause of action set forth against Economy was based upon fraud committed during the negotiations for settlement of the Richardsons' claims against Collier. The amended complaint set forth Economy's status as Collier's insurer. It alleged that an agent of Economy contacted the Richardsons shortly after Frederick Richardson returned home from accident-related hospitalization. During settlement discussions, according to the allegations, Economy indicated that there were only two methods of settlement available. Either Economy would pay the medical expenses, which were substantial, or it would pay the Ri-

chardsons directly, to use as they wished, $1,500 cash. The agent informed the Richardsons that Economy would have to make direct payments to the medical provider if the first alternative were chosen, though no liens existed at the time. It was further represented to the Richardsons that their medical bills were covered by public aid, and that they could obtain payment of the bills through public aid application. The amended complaint alleges that these statements by an agent of Economy were false and known by Economy to be false. Further allegations are that Economy made them with the intent to defraud and deceive the plaintiffs and with the intent that plaintiffs rely upon them. Allegations set forth that Economy knew the plaintiffs were in serious financial difficulty, unable to pay rent, utilities and other expenses at the time of the settlement discussions. The Richardsons also state, by way of allegation, that they were induced by the factual representations of Economy to sign a release and settlement for the offered $1,500. Compensatory damages and punitive damages are sought for Economy's fraud in obtaining the release and settlement.

Economy filed its motion to dismiss and strike the amended complaint, asserting: (1) that it was untimely filed, being not within the 14 days granted in the original dismissal order; (2) that it was barred by the statute of limitations since the accident occurred on July 9, 1979; (3) that it failed to state a cause of action for fraud, lacking allegations of false representations of existing fact; and (4) that it constituted an impermissible direct action against an insurer. The court, after hearing on the motion, denied the motion to dismiss and, in pertinent part for this appeal, the motion to strike. A motion for reconsideration of the decision on the motion to dismiss was also denied and the trial court thereafter certified the issues to this court. We allowed Economy's application for leave to appeal.

■■ ■ The initial issue is whether the amended complaint filed by the Richardsons should be dismissed as untimely, in that it was not filed within the 14 days granted in the dismissal order concerning the initial complaint. It is within the sound discretion of the trial court whether to permit an amendment to the complaint at any time before final judgment. (*Shroat v. Robins* (1972), 7 Ill. App. 3d 293, 294, 287 N.E.2d 157; *Prince v. Atchison, Topeka & Santa Fe Ry.* (1981), 95 Ill. App. 3d 856, 860, 420 N.E.2d 737; Ill. Rev. Stat. 1983, ch. 110, par. 2—616(a).) In this case, as is apparent from the court's denial of the defense motion to dismiss the amended complaint, the court exercised its discretion in plaintiffs' favor and permitted the amended complaint to stand, even though it was filed long after the time limit set by the

court previously. Economy argues that the previous dismissal, coupled with a failure to amend within the specified time, acted as an election to stand on the dismissed complaint, making it a final and appealable order from which no appeal was taken. We disagree. A number of cases have noted that a dismissal, with leave to amend, is not a final order such that the trial court loses jurisdiction after the requisite 30 days has expired. (*Gray v. Starkey* (1976), 41 Ill. App. 3d 555, 559, 353 N.E.2d 705; *Martin v. Marks* (1980), 80 Ill. App. 3d 915, 918, 400 N.E.2d 711; *Branch v. European Autohaus, Ltd.* (1981), 97 Ill. App. 3d 949, 951-52, 424 N.E.2d 6.) Rather, where a set time within which to amend has expired without such amendment, the trial court nevertheless retains jurisdiction over the cause and may, within its discretion, permit an amended complaint to be filed after the time previously specified. That is what occurred in the instant case, and there is no argument that the court, in permitting the amendment, abused its discretion. In *People ex rel. Scott v. Carriage Way West, Inc.* (1980), 88 Ill. App. 3d 297, 410 N.E.2d 384, relied upon by the defense, the trial court had exercised its discretion and denied the attempted late amendment. Also, as the appellate court emphasized, the plaintiff, in the interim, had filed a *mandamus* action. Under those circumstances, the court found that the failure to file within the time set by the court constituted an election to stand on the original pleadings. In the case at bar there was no additional circumstance indicating plaintiffs' intention to stand on their original complaint, nor did the trial court exercise its discretion and disallow the late amendments. There was no error in permitting the filing of the amended complaint. Accordingly, we turn to that complaint and its sufficiency.

■ Economy asserts that the amended complaint must be dismissed because it is an attempt to assert a direct action against it, as insurer, for the negligence of its insured, David Collier. Such direct action suits against insurers are not permitted in Illinois. (*Marchlik v. Coronet Insurance Co.* (1968), 40 Ill. 2d 327, 239 N.E.2d 799. See also Ill. Rev. Stat. 1983, ch. 73, par. 1000.) The flaw in Economy's argument here is not the law which is set forth, but its application of that law to the Richardsons' complaint. The amended complaint is not seeking to hold Economy liable for the negligence of its insured in the accident. The basis of liability against Economy is its alleged fraud and misrepresentation in the settlement of the claims arising from the accident. The allegations in the amended complaint concerning Collier's negligence merely set forth the pertinent factual circumstances prefatory to the fraud and misrepresentation claims against Economy. The amended complaint is not based upon Collier's negligence, but

upon Economy's fraud and misrepresentation in settling the plaintiffs' claims arising from that alleged negligence. As such, it is not an attempt to file a direct action suit against an insurer based upon an insured's negligence.

■ The third issue is whether the amended complaint is insufficient to state a claim for fraud because it lacks allegations of the necessary elements for such a claim. We find the complaint sufficient, as did the trial court. Economy argues that the complaint does not contain sufficient allegations respecting misrepresentation of existing fact, reliance, and damages. It characterizes the allegations of fraud and misrepresentation as pertaining to opinions and as relating to future events, rather than existing facts. Economy casts the alleged fraudulent statements as the normal give-and-take of the parties to settlement negotiations. We disagree. Their agent's statement indicating only two methods of settlement were available to the Richardsons is a statement about an existing factual situation, despite the fact that any settlement was in the future at the time it was made. Similarly, the statement that Economy would have to pay medical expenses directly to the medical supplier is a statement concerning the existing factual situation imposed upon Economy at the time the statement was made. That payment would be in the future does not transform the statement into one about future contingencies. Further, there were statements allegedly made indicating to the Richardsons that public aid provided coverage for their medical bills and would pay them upon application. Implicit in a statement that payments would be made is an affirmative assertion about existing coverage and eligibility. These statements, alleged to have been made by Economy's representative, are directed to the existing situation and the current status of the Richardsons and their claims at the time they were made. They concerned facts, not opinions, about that status and situation. We find them sufficient to state a cause of action for fraud. Furthermore, the complaint also contains sufficient allegations of the plaintiffs' reliance upon the misrepresentations and the damages flowing from them so as to survive the motion to dismiss.

Economy suggests that the proper procedure to challenge the release was after it had been affirmatively pleaded in a suit against Collier. While that is one context within which to assert the invalidity of the release, it is not exclusive. The availability of that avenue does not foreclose proceeding as the plaintiffs have done in this case, on the basis of fraud and misrepresentation, directly against the insurer committing the alleged fraud. (See *Meneghin v. Thunander* (1962), 36 Ill. App. 2d 452, 184 N.E.2d 753; 37 Am. Jur. 2d *Fraud & Deceit* sec.

327 (1968).) Our decision in *Blaylock v. Toledo, Peoria & Western R.R. Co.* (1976), 43 Ill. App. 3d 35, 356 N.E.2d 639, does not hold, or even suggest, that an insurance company's fraud in obtaining a release can only be raised by way of defense in a suit against the insured tortfeasor.

■ Finally, we totally reject the curious suggestion of the defense that the action against Economy for fraud is time barred because it was not brought within the statutory two-year period for the personal injuries action against Collier. The amended complaint before us and before the trial court, as already indicated, is for fraud and misrepresentation against Economy, not for negligence against Collier. The time limitations for actions against Collier are not relevant to the complaint against Economy.

The trial court correctly denied the defendant's motion to dismiss plaintiffs' action against Economy for fraud and misrepresentation.

The decision of the Circuit Court of Rock Island County denying the motion to dismiss and related motion to strike is affirmed.

Affirmed.

BARRY, J., concurs.

JUSTICE STOUDER, dissenting:

I respectfully disagree with the result reached by my colleagues. I believe the complaint fails to state a cause of action and I would hold that pursuant to the certified issue of law presented to and accepted by this court for review under Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)) the complaint should have been dismissed.

There are two basic propositions which are at the heart of this controversy. The first is the well-established policy in Illinois which prohibits a direct action against an insurance company to recover damages for injuries caused by the company's insured. This policy is so well established that the mere mention that a tortfeasor may have insurance may result in reversible error.

The second proposition is, I believe, equally clear and that is an insurance company may be liable for the fraudulent misrepresentations of its agent which induced the execution of a release of liability of the company's insured.

Since the first proposition contemplates no direct action against an insurance company and the second proposition does contemplate such direct action, how can the propositions be reconciled? The insurance company would reconcile these issues by arguing that if the re-

lease was induced by fraudulent misrepresentation, the direct action against it would be for rescission only which, if successful, would be followed by the usual tort action against the insured for damages caused by the insured. On the other hand, the plaintiff insists that because there was fraudulent misrepresentation inducing the execution of the release he is entitled to recover directly from the insurance company the damages caused by the insured.

Neither party nor the majority have found any authority supporting either contention which they make. This issue does not appear to have been presented in Illinois, although it has occurred in other States, including States which like Illinois have policies against direct actions against insurance companies. In none of the other jurisdictions have I been able to find authorities which hold that rescission is the only remedy available where a release has been secured by fraudulent misrepresentation, and likewise I find no authorities which permit the recovery of damages for fraudulent misrepresentation based on the damages caused by the tortfeasor. Although several of the decisions from other jurisdictions have discussed limiting the remedy to rescission where it is claimed a release was secured by fraudulent misrepresentations, this limiting restriction has generally been rejected. See also *Farm Bureau Mutual Insurance Co. v. Seal* (1962), 134 Ind. App. 269, 179 N.E.2d 760; *Montoya v. Moore* (1967), 77 N.M. 326, 442 P.2d 363; *Brown v. Ocean Accident & Guarantee Corp.* (1913), 153 Wis. 196, 140 N.W. 1112; Annot., 58 A.L.R.2d 500 (1958).

Although rescission could be the exclusive remedy to secure relief from the release induced by fraudulent misrepresentation and such a rule might be consistent with our Illinois policy against direct action against an insurance company, it is usually held in other jurisdictions the party deceived has an election of remedies. Such party may either elect to commence an action to rescind the release or bring an action at common law for damages for fraud and deceit. (*Kordis v. Auto Owners Ins. Co.* (1945), 311 Mich. 247, 18 N.W.2d 811.) However, where the election has been made to seek damages for fraud and deceit, the damages so recoverable are necessarily related to and restricted to those caused by the misrepresentation. The damages recoverable are not those which might have been recovered in an action against the tortfeasor, but only those which are proximately caused by the false misrepresentation. As a New York court said in *Ahern v. General Accident, Fire & Life Assurance Corp.* (1963), 19 App. Div. 2d 883, 244 N.Y.S.2d 347, a case strikingly similar to this case where plaintiff sought to recover a sum he would have received in a trial against the original tortfeasor, "in attempting to prove his damage he

asserts that had the release not been given he would have been able to obtain an attorney who would have been able to trace competent witnesses who would have testified in such a manner as would have resulted in a verdict for the plaintiff. That is entirely speculative." (19 App. Div. 2d 883, 883, 244 N.Y.S. 2d 347, 349.) Both in *Ahern* and in *Kordis* the court allowed that an allegation that the difference between the value of the settlement at the time the release was procured was substantially in excess of the settlement fraudulently obtained was a sufficient allegation of damage to sustain a claim for fraudulent misrepresentation. No such allegation of damages is contained in the complaint filed in this case. Therefore, I would have held that Richardson's complaint failed to allege any recognizable pecuniary loss because recovery in a trial of his personal injury claim was too speculative.

Finally, in passing, there are several issues not addressed by the trial court because of the manner in which it determined to resolve the major issue. However, I have grave doubts that the allegations in the complaint do sufficiently allege false misrepresentation by the company's agent or that the remedy based on loss of consortium is appropriate or that the amended complaint was properly filed long after the period allowed therefor had expired, without a showing of due diligence.