CHRISTIAN C. McCARTER, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—83—0765

Opinion filed January 23, 1985.

Roger B. Gomien and Paul E. Root, both of Gomien, Root & Masching, of Morris, for appellant.

George R. Black, of Black & Black, of Morris, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

On May 5, 1980, an automobile driven by John M. Couch collided with a motorcycle driven by the plaintiff. Both parties were insured by the defendant. This action arises out of the defendant's conduct in settling the plaintiff's third-party claim against Couch. The complaint was based on common law fraud, the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 261 *et seq.*) and intentional infliction of emotional distress. The complaint was dismissed on defendant's motion. The following issues are presented by the plaintiff's appeal: (1) whether the two-year statute of limitations for personal injuries governs the plaintiff's fraud claim; (2) whether the defendant's liability is dependent upon first establishing Mr. Couch's liability; (3) whether the plaintiff was required to rescind the release given to Mr. Couch and return the settlement to the defendant before proceeding with this action; (4) whether the plaintiff's action is barred as a direct action against an insurer and (5) whether the complaint states a cause of action for fraud, intentional infliction of emotional distress and violation of the Consumer Fraud Act.

The defendant argues that its own liability is dependent upon the liability of Mr. Couch. Therefore, a judgment against Couch is necessary in order to establish the defendant's liability. Since the two-year statute of limitations for personal injuries has run and no lawsuit has been brought against Mr. Couch, the defendant contends that the statute of limitations also bars the plaintiff's third-party fraud action. The trial court also referred to the limitations period in dismissing the complaint.

In support of its argument, the defendant cites *Kolar v. City of Chicago* (1973), 12 Ill. App. 3d 887. In *Kolar*, a wife's personal injury action against the city was barred by the statute of limitations. The husband argued that his action for loss of consortium was not covered by the personal injury limitations period because it was an action for property damages. The court of appeals held that the husband's action was dependent upon proving that the city had negligently injured his wife. Therefore, the two-year personal injury statute barred the husband's claim despite the fact that it was a separate cause of action.

*Kolar* can be distinguished because the plaintiff's action against the defendant in the present case is separate and distinct from any cause of action the plaintiff may have had against Mr. Couch. The defendant is being sued for fraudulent conduct in settling the plaintiff's claim against Couch. Couch's civil liability for the plaintiff's injuries is not relevant to the fraud action since the defendant settled the plaintiff's claim regardless of whether Couch was negligent or not. In order to recover for the defendant's wrongful conduct in settling the claim, the plaintiff does not have to prove that Couch was negligent. Since the fraud action constitutes a separate claim, it is not subject to the two-year limitations period for personal injuries but is instead governed by a five-year limitations period. (Ill. Rev. Stat. 1981, ch. 110, par. 13—205.) The plaintiff's action was filed within this period and is not barred.

■ The defendant also argues that the plaintiff's action is barred by the equitable defense of *laches*. Equitable relief is often refused on the basis of *laches* even though the time fixed by the statute of limitations has not expired. (*Beckham v. Tate* (1978), 61 Ill. App. 3d 765.) The present case involves an action at law which was filed within the applicable limitations period without undue delay. Therefore, the defense of *laches* is not available.

■ The next issue is whether the plaintiff was required to rescind the release given to Couch and return the settlement to the defendant before proceeding with the present action. As we have already stated, the fraud claim against the defendant and the personal injury claim against Couch are independent. The release given to Couch and the settlement received in exchange therefore have nothing to do with the defendant's separate acts of fraud. Rescission of the release and return of the settlement are unnecessary.

■ Next, the defendant argues that the plaintiff's action is barred because of Illinois policy prohibiting direct action lawsuits against the insurance carrier of an adverse party. (*Scroggins v. All-*

*state Insurance Co.* (1979), 74 Ill. App. 3d 1027.) In *Scroggins*, the court held that an injured third party may not sue the defendant's insurer for fraud, negligence or bad faith in refusing to settle a case within policy limits. The reason given for this rule is that an insurance company's duty to negotiate in good faith is owed only to its insured and not to third parties. Therefore, an injured third party has no standing to sue an insurance company for its conduct in settling a claim on behalf of the insured party. The present case does not fit within this rule.

The defendant allegedly advised the plaintiff that he did not need to be represented during settlement negotiations and that the defendant would settle the plaintiff's claim against Couch fairly and equitably because both vehicles were insured by the defendant. By promising to represent and protect the interests of the plaintiff and Couch, the defendant owed a duty of good faith to both parties. Therefore, this action is not governed by *Scroggins*.

■ The defendant argues that the plaintiff has no standing to sue under the Consumer Fraud and Deceptive Business Practices Act. (Ill. Rev. Stat. 1981, ch. 121½, par. 261 *et seq.*) The sale of insurance is a service for purposes of the Consumer Fraud Act. (*Fox v. Industrial Casualty Insurance Co.* (1981), 98 Ill. App. 3d 543.) However, the transaction complained of in the present case does not involve a sale of insurance. In fact, the plaintiff is not even a consumer under these circumstances. Since the Consumer Fraud Act applies only to consumers, (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320), we affirm the trial court's dismissal of count I.

■ Next, the defendant argues that the complaint fails to state a cause of action for fraud. The elements of a cause of action for fraudulent misrepresentation are: (1) false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement, and (5) damages. Furthermore, the reliance by the plaintiff must be justified, *i.e.*, he must have had a right to rely. *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286.

The trial court dismissed the complaint because the defendant did not owe a duty of good faith to the plaintiff and because there were no damages. In addition, the defendant argues that there was no material misrepresentation.

The question of whether the defendant owed a duty of good faith to the plaintiff has already been answered affirmatively and need not be discussed further.

The false statements complained of by the plaintiff are as follows.

The defendant's adjuster allegedly told the plaintiff that the claims committee had rejected plaintiff's claim for Couch's policy limits of $100,000 when the adjuster knew that the committee had authorized full payment. Also, the adjuster told the plaintiff that if he went to court, his claim would be dismissed due to his contributory negligence. The adjuster stated that he was relying on a report describing plaintiff's negligence when he allegedly knew that no such report existed. Finally, the defendant promised to advance funds to pay plaintiff's medical bills and then withheld the funds. As a result, the plaintiff settled for $72,500.

The defendant contends that it is not fraudulent to offer a claimant less than the policy limits. (*Adduci v. Vigilant Insurance Co.* (1981), 98 Ill. App. 3d 472.) This may be true in negotiations between parties of equal sophistication dealing with each other at arm's length. However, this rule does not excuse knowing misrepresentations made with intent to deceive and is certainly no defense where an insurance company undertakes to represent and protect the interests of both the injured party and its insured during settlement negotiations.

It is also fraudulent to attempt to induce an injured party to accept a false settlement offer based on nonexistent reports of the injured party's contributory negligence. By alleging that the defendant made the above mentioned representations, the complaint satisfied the requirement of a false statement of material fact.

■ Furthermore, due to the defendant's assurances of fair dealing and the suggestion that the plaintiff not retain counsel, the plaintiff was justified in relying on the defendant's representations regarding the amount of the authorized settlement and the plaintiff's chances of success should the case have gone to trial.

■ The measure of damages for fraud is the amount that will compensate the plaintiff for the loss caused by the fraud. The plaintiff's claim is that the defendant fraudulently induced the plaintiff to relinquish his cause of action against Couch for less than its full value. Therefore, the plaintiff's loss is the amount by which the value of his claim against Couch exceeds $72,500, which was the amount the plaintiff settled for in reliance on the defendant's false representations. Assuming the value of the plaintiff's claim exceeds the $72,500, the plaintiff may not recover as compensatory damages an amount in excess of the $100,000 policy limit. Had there been no false representations by the defendant, plaintiff's maximum recovery would have been $100,000.

In order for the plaintiff's claim against Couch to be worth any-

thing, the plaintiff must make a *prima facie* showing of Couch's negligence and establish the amount of his damages with a reasonable degree of certainty. Since contributory negligence was a potential bar to liability at the date of the accident, the plaintiff must also demonstrate that he was not at fault in causing the collision.

Assuming the plaintiff is able to meet this burden of proof, damages can be ascertained without speculation. Accordingly, the trial judge erred in finding as a matter of law that there were no damages. Count II adequately alleges a cause of action for fraud and should not have been dismissed.

■ Finally, the defendant argues that the complaint fails to state a cause of action for intentional infliction of emotional distress. This tort is composed of four elements: (1) extreme and outrageous conduct; (2) intent by the defendant to cause, or a reckless disregard of the probability of causing emotional distress; (3) severe or extreme emotional distress suffered by the plaintiff; and (4) an actual and proximate causation of emotional distress by the defendant's outrageous conduct. (*Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 113.) The complaint fails to allege that the defendant's conduct was reckless or intentional, or that the plaintiff suffered severe or extreme emotional distress. Therefore, count III was properly dismissed.

The judgment of the circuit court of Grundy County dismissing counts I and III of the plaintiff's complaint is affirmed. The dismissal of count II is reversed and the cause remanded for further proceedings.

Affirmed in part; reversed in part; cause remanded.

SCOTT, J., concurs.

JUSTICE STOUDER, specially concurring:

I concur in the majority opinion, except that I disagree with the majority's observation "In order for plaintiff's claim against Couch to be worth anything the plaintiff must make a *prima facie* showing of negligence and establish the amount with a reasonable degree of certainty." A trial on the merits at this stage is both barred by the statute of limitations and would contravene the policy against direct actions against insurance companies.

I have recently expressed my views on this subject in my dissent to *Richardson v. Economy Fire & Casualty Co.* (1984), 126 Ill. App. 3d 520, 467 N.E.2d 317, *appeal allowed* (1984), 101 Ill. 2d 582, in

which I stated

> "[W]here the election has been made to seek damages for fraud and deceit, the damages so recoverable are necessarily related to and restricted to those caused by the misrepresentation. The damages recoverable are not those which might have been recovered in an action against the tortfeasor, but only those which are proximately caused by the false misrepresentation." (126 Ill. App. 3d 520, 527, 467 N.E.2d 317, 323.)

Here, plaintiff has obviously elected to seek damages for common law fraud and deceit rather than asking for a rescission of the settlement agreement and proceeding with a trial of the underlying personal injury claim. Count II of plaintiff's amended complaint alleges a misrepresentation by the State Farm agent which resulted in settlement of the plaintiff's claim for less than its full value. As damages for fraud and deception, plaintiff asks for $27,500, the difference between the settlement amount, $72,500, and the amount authorized for settlement of plaintiff's claim, $100,000. No damages prayed for in the plaintiff's complaint require a determination of liability, nor is the success of the underlying personal injury claim in any way related to the damages sustained in a common law fraud action based upon the fraudulent procurement of a settlement agreement.

I would have held that the plaintiff need only prove the insurance adjuster induced him to accept a lesser settlement by misrepresenting the facts knowing them to be false. The proper measure of damages is, therefore, as plaintiff's complaint states, the difference between the value of the settlement at the time the fraud was perpetrated and the actual value of the settlement. The plaintiff's claim was obviously worth at least $72,500 in the eyes of both parties. The only question is was the settlement diminished by the misrepresentation of the insurance agent? Litigating the underlying personal injury claim to establish liability does nothing to answer this question and is, therefore, both unnecessary and costly to all parties.

I, therefore, cannot agree with the reasoning of the majority in this respect, although I do agree that compensatory damages must be limited to $100,000.