■ BRUCE E. LILLING et al., Appellants, v DAVID SLAUEN-

WHITE et al., Defendants, and BIXLER REAL ESTATE CORPORATION, Respondent.—In an action to recover damages for fraud and breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered August 3, 1987, as granted that branch of the motion of the defendant Bixler Real Estate Corporation (hereinafter Bixler) which was to dismiss the first cause of action as against it for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The first cause of action asserted in the complaint at bar alleged that Bixler and other defendants had committed a fraud against the plaintiffs. However, the plaintiffs failed to allege in the complaint or to prove in the evidentiary material submitted in support thereof that at the time Bixler made the alleged misrepresentations concerning the ownership of lot No. 27 or the prior issuance of a building permit for that lot, he had a then-present intent to defraud; furthermore, the record does not contain factual assertions from which such an intent can reasonably be inferred (see, Senerchia Realty Corp. v Yonkers Community Dev. Agency, 80 AD2d 889, 890; see also, Lanzi v Brooks, 54 AD2d 1057, 1058, affd 43 NY2d 778, mot to amend remittitur granted 43 NY2d 947, rearg denied 44 NY2d 733; Levy v Country Lake Homes, 133 AD2d 70, 71; Glassman v Catli, 111 AD2d 744; Harris v Camilleri, 77 AD2d 861, 863; Ahern v General Acc. Fire & Life Assur. Corp., 19 AD2d 883, 884). Consequently, Bixler's motion to dismiss the first cause of action as asserted against it was properly granted. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.